WEEKS v. MERKLE.
(Filed February 18, 1898.)

TAX DEED—*Invalid Upon its Face.* W. purchased from the county treasurer a tax certificate for several parcels of land not contiguous, which had been previously purchased at a sale for delinquent taxes by the county treasurer for the benefit of the county. After purchasing the certificate, W. procured, through the county treasurer, a tax deed based upon such certificate, which deed fails to show affirmatively that the property therein described was sold to the county in separate parcels, as listed. *Held,* that the law requires the county treasurer to make out separate certificates when the purchase is made on behalf of the county; and further *held,* that the original certificate of purchase to the county must be assigned to the person who purchases from the county, and that a tax deed attempting to convey several parcels of land not contiguous, based upon a certificate of purchase issued to a county, is invalid upon its face.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before J. R. Keaton, District Judge.*

*B. F. Williams* and *W. M. Newell,* for plaintiff in error.

*Fisher & Hennessey* and *H. H. Howard,* for defendant in error.

Action by John Merkle against R. J. Weeks to recover land. From a judgment for plaintiff, defendant brings error. Affirmed.

Opinion of the court by

DALE, C. J.: The defendant in error, John Merkle, brought suit in the district court of Cleveland county for the recovery of lot 4, block 72, in the city of Norman, alleging that he was the owner of said lot, and that an illegal tax deed had been issued therefor to R. J. Weeks, plaintiff in error, pursuant to a sale of said lot for delinquent taxes for the year 1891. Weeks answered in the district court to the action, by alleging ownership based upon the tax deed. The deed under which Weeks claims the lot is as follows:

"Whereas, R. J. Weeks did on the 24th day of September, 1895, produce to the undersigned, Robt. Aniol, treasurer of the county of Cleveland, in the Territory of Oklahoma, a certificate of purchase, in writing, bearing date of the 20th of August, 1895, signed by Robt. Aniol, county treasurer, who hereby certifies that the original certificate of purchase cannot be found in his office, and that the records in the treasurer's office show that L. B. Durkee, at the last mentioned date was treasurer of said county, and from said records it also appears that Cleveland county did, on the 5th day of September, 1893, purchase at public auction at the door of the court house 'n said county the tract, parcel, or lot of land lastly in this indenture described, and which lot was sold to Cleveland county for the sum of $12.60, being the amount due on the following tract or lot of land returned delinquent for

non-payment of taxes, costs, and charges for the year 1891, to-wit: Lots number twenty-six, (26) twenty-seve.., (27) twenty-eight, (28) in block eighty-seven, (87) and lots number twenty-four, (24) and twenty-five, (25) in block number eighty-four, (84), and lots number four, (4) and nine, (9) in block number seventy-two, (72) town of Norman, Cleveland county, Oklahoma Territory, as shown by the official plat. And it appearing that the said R. J. Weeks is the legal owner of said certificate of purchase, and the time fixed by law for redeeming the land therein described having now expired, and the same not having been redeemed as provided by law, and the said R. J. Weeks having demanded a deed for the tract of land mentioned in said certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs, and charges as above specified, and it appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year 1891, and that said lands had been legally advertised for sale for said taxes, and were sold on the 5th day of September, 1893.

"Now, therefore, this indenture, made the 24th day of September, 1895, between the Territory of Oklahoma, by Robt. Aniol, the treasurer of said county, of the first part, and the said R. J. Weeks, of the second part,

"Witnesseth, that the said party of the first part, for and in consideration of the premises, and the sum of one dollar in hand paid, hath granted, bargained, and sold, and by these presents doth grant, bargain, sell, and convey, to the said party of the second part, his heirs and assigns, forever, the tract or parcel of land mentioned in said certificate, and described as follows, to-wit: Lots number twenty-six, (26) twenty-seven, (27) and twenty-eight, (28) in block number eighty-seven, (87) and lots number twenty-four, (24) and twenty-five, (25) in block number eighty-four, (84) and lots number four, (4) and nine, (9) in block number seventy-two, (72) town of Nor-

man, Cleveland county, Oklahoma Territory, as shown by the official plat. To have and to hold said mentioned tract or parcel of land, with the appurtenances thereunto belonging, to the said party of the second part, his heirs and assigns, forever, in as full and ample manner as the said treasurer of said county is empowered by law to sell the same.

"In testimony whereof the said Robt. Aniol, treasurer of said county of Cleveland, has hereunto set his hand and seal the day and year aforesaid.

Attest:

[SEAL.]                            "ROBT. ANIOL, Co. Treas."

The deed is properly acknowledged, and was filed for record on the day of its execution. A demurrer was interposed to the answer, and by the court sustained, and the case is brought here to reverse the ruling of the trial court upon such demurrer.

It appears from the brief of counsel for the appellant that the lower court held that the tax deed was invalid upon its face, for the reason that its recitals show that lots not contiguous, and therefore separately assessed, were sold together, and that the deed purports to have been issued upon one tax certificate. Upon this contention it may be stated in the outset that no valid objection can be urged against the validity of the tax deed because such instrument conveys several tracts or parcels of ground, which must, under the law, be separately assessed. Our statute provides, in sec. 16, ch. 70, p. 1054, that any number of parcels of land bought by any one person may be included in one deed or certificate, as may be desired by the purchaser. But it is equally true that the sale for taxes must be for the separate parcels, as listed, except where the statute may make provision that where a tract is capable of sub-

division, or is owned jointly by two or more persons, the owner of a part or of an undivided interest may relieve his portion of the taxes due by payment thereof. And this rule is universally upheld. (Cooley Tax'n 2d ed. p. 493, and authorities there cited.) And we presume that it will be conceded that a tax deed is invalid, which upon its face purports to show a joint sale of parcels of land which by their description must have been separately listed and assessed. So, in the case under consideration, if a fair construction of the recitals in the tax deed show that it seeks to convey a title to separately listed parcels of land, based upon a joint tax sale of said parcels, then such deed should be declared invalid to convey any of such parcels or tracts. It appears from an inspection of the deed that Weeks presented to the county treasurer a certificate of purchase bearing date August 20, 1895, signed by Robert Aniol, county treasurer, who certifies that the original certificate of purchase cannot be found in his office; and further on in the same instrument it again recites: "And it appearing that the said R. J. Weeks is the legal owner of said certificate of purchase, and said R. J. Weeks having demanded a deed for the tract of land mentioned in said certificate," etc. These expressions in the deed certainly refer to but one certificate of purchase, and from such language the court was bound to presume that but one certificate was presented to the county treasurer, and that it contained a description of all the property conveyed by the deed; and the words "parcel or tract of land" refer to all of the lots named in the certificate. And we think it would be impossible to gather from the language used in this tax deed that the lots were separately sold, but that a fair

construction, giving to the language its reasonable meaning, will lead to the conclusion that a joint sale was made of these lots, and that the conveyance by the deed was in conformity to the terms of such joint sale.

It appears, also, from the recitals of the deed, that all of the parcels conveyed were at the time of the sale for the delinquent taxes purchased by the county treasurer for the county; and in such case sec. 21, ch. 70, p. 1055, provides that, "whenever the county treasurer of any county shall bid off any real estate in the name of the county, he shall make out a certificate of purchase to said county, just as he is required to do if the sale had been made to any other person, but he shall retain the same in his office, until transferred, as provided in sec. 20." And by the section referred to, provision is made whereby any person may purchase the interests of the county by paying to the county treasurer the amount of taxes, penalty, and interest, and "thereupon the said treasurer shall, and it is hereby made his duty, to assign and deliver to the purchaser the certificate of purchase held by said county for said real estate." The language of these two sections evidently contemplates a separate certificate by the county treasurer for separately listed tracts, and that such original certificate shall be assigned when a purchase is made by an individual; in this way preventing more than one certificate for the same parcel. It seems clear that in respect to purchases made by an individual and the county treasurer on behalf of the county a different rule must obtain relative to the number of tracts or parcels which may be placed in one certificate; that when the purchase is made by an individual, at a delinquent tax sale, of a number of separately

listed tracts, he may have as many of such tracts placed in one certificate as he desires. But when such purchase is made by the county treasurer he must make a separate certificate for each purchase. We can interpret the different provisions upon this subject of our revenue statute in no other manner, and give effect to all of them. The county treasurer not being permitted to make a new certificate to an individual for tracts purchased by the county treasurer, it therefore follows that the certificate assigned by the county treasurer was invalid upon its face, as it purported to convey separately listed property, and property not contiguous, in the one instrument; thereby, we think, fairly showing that the sale to the county was illegally held.

Counsel for appellant contend that the view here announced is in violation of the rule of construction laid down by our legislature in sec. 25 of our revenue act. That part of the section necessary to be considered reads, "The rule that tax proceedings are to be strictly construed as against the tax purchaser shall not apply to proceedings under this act, but in all courts its provisions shall be liberally construed to the end that its provisions and all proceedings thereunder shall be sustained." This rule, properly applied, will eliminate from consideration questions of mere irregularities, and other objections which are based upon technicalities, but by the adoption of this rule the courts cannot import validity to a deed invalid upon its face. Counsel for appellant cite the following cases in support of the contention that the deed is not void upon its face: *Waddingham v. Dickson*, (Colo. Sup.) 29 Pac. 177; *Pejepscut v. Ransom*, 14 Mass. 145; *Cartwright v. Korman*, (Kan. Sup.) 26 Pac. 48.

In *Waddingham v. Dickson* is appears that several tracts of land sold for taxes were conveyed by the same tax deed, but the court says: "Neither does it appear from the deed that the lands were sold as one tract. By its recitals it appears that the treasurer advertised for sale separately the several pieces of real property described in the deed, for the taxes then due and remaining unpaid, respectively, on each of said parcels. It further appears from the deed that the purchasers separately offered to pay the sum due on each of said parcels annually," and that "said parcels were severally stricken off to the bidder." The court very properly concluded that it was sufficiently shown by the recitals of the deed that the several pieces of property were separarely sold as required by law. *Pejepscut v. Ransom, supra,* holds that where lands separately listed are sold separately the tax deed is not void because it purports that such lands were sold for one sum in gross. It would appear from a reading of the decision that the burden of proof was upon the holder of the tax deed to show the regularity of all proceedings leading up to the issuance of such deed, and that the proof showed separate sales of the different parcels described in the deed. The court in its opinion held that there was no objection to the joining of several tracts of land, sold for several taxes, and belonging to several proprietors, in the same deed; obviously, we think, looking to the facts as developed by the proof, rather than to the recitals contained in the deed. This decision may be said to support to some extent the contention of appellant, but it was announced at a very early day in the history of this country, and the weight of modern decisions is against the principle

therein contained. *Cartwright v. Korman, supra,* does not support the view of counsel for appellant. The deed therein under consideration, by its recitals, distinctly shows that each tract of land conveyed was sold separately for several distinct sums; and we think, as heretofore stated, if we were able to so interpret the recitals of the deed we are here considering, it would not be invalid for the reason that it conveys several tracts.

It is suggested that the deed follows substantially the form laid down in our statute, and therefore should be upheld. The statute does declare that a deed made substantially in conformity with the form laid down in the statute shall be sufficient, but we cannot agree with counsel that in making the deed the treasurer has substantially met the statutory requirements. The statute gives a form for making a tax deed where but a single tract is to be conveyed, and by adopting the form only, without regard to the substance and meaning, the maker of the deed erred. To corrrectly recite the facts, it was essential to vary the form laid down in the statute.

In *Spicer v. Howe,* 38 Kan. 465, 16 Pac. 825, in passing upon the validity of a tax deed wherein the maker had too literally followed the form laid down in the statute, the court said: "To give flexibility to the statute, the legislature has provided that the form given shall be substantially followed." And in *Norton v. Friend,* 13 Kan. 538, it is also said: "A tax deed should follow the form given by statute only so far as it can do so truthfully, and, where it cannot do so truthfully, it should state the facts as they really exist." And in *Magill v. Martin,* 14 Kan. 67, speaking to the same question, the following language is used: "When the conditions of the

sale are such that to follow the form is to recite an un-truth, and show an illegal sale, the form must be modi-fied to suit the facts. To make a statement of an illegal and void sale evidence of a legal and valid sale is a con-tradiction not to be imputed to the legislative intent. The statute says that the deed shall be in substantial compliance with the form. It thus contemplates minor modifications, and those modifications must be such as to make the deed recite the truth, and comply with the conditions of valid action."

Counsel also suggest that the court below could not examine the recitals of the deed for the purpose of de-termining whether or not the different parcels described therein were jointly or separately sold, and assert that our statute makes the deed conclusive evidence that the "manner in which the listing, assessment, levy, notice, and sale were conducted was, as to manner and form of procedure, regular in all respects and conducted as the law directs;" that "all the pre requisites of the law were complied with by all the officers who had, or whose duty it was to have, performed any matter in connection therewith." It may be a sufficient answer to this con-tention to say that the instrument must be construed to mean what its recitals indicate, and that, if such recitals show that the deed could not have been legally executed, the court is bound to so hold. But there is another and more serious objection to the position taken by counsel. The constitutional power of the legislature to make the showing by one party to a controversy conclusive of the truth of the facts shown, and in that manner denying to the advers party to the proceeding a hearing, is a power which cannot be conceded to a legislature.

The legislature may prescribe the rules to be observed in the production of evidence in court. It may shift from one to the other the burden of proof. It may declare documents *prima facie* evidence of their own validity, and require the other party to affirmatively show their falsity. The power of the legislature to shape or mold the rules of evidence for the purpose of justice is unquestioned, but such power does not go to the extent of precluding a hearing, or of a denial of justice. (Cooley, Tax'n 2 Ed. 297, and authorities there cited.)

By these statements we do not mean to hold that the legislature has exceeded its power in its attempt to give effect to tax deeds. We have not that question fairly before us to pass upon. We content ourselves in this case with holding that the contention of counsel, wherein he seeks to make the tax deed conclusive evidence of the validity of all steps leading up to its issuance, cannot be maintained, and that the legislative enactment does not place the questions regarding the listing, assessment, levy, notice, and sale of property for taxes beyond inquiry, no matter what the recitals of the deed may show; and that, too, whether or not the statutory requirements leading up to the sale have been complied with. Suppose, for instance, that the property described in the tax deed had not been assessed; that no notice of sale had in fact been given; that, in violation of law, several tracts assessed to different parties had been jointly sold. Would it be claimed that the legislature intended by its enactment to prevent the owner of the property from setting aisde a tax deed irregularly or fraudulently issued for such property? We think not. Private rights in property may not be invaded in such a

manner. It is unecessary to pursue this subject further.
We find that the tax deed, upon its face, by its terms,
purports to convey property not contiguous, which was
jointly sold for taxes. Such fact so found is sufficient to
invalidate the deed. The judgment of the lower court is
affirmed.

Keaton, J., having presided in the court below, not sit-
ting; all the other Justices concurring.