## N. F. FRAZIER v. EDWARD PRINCE.

(Filed March 11, 1899.)

1. TAXATION—*Assessment—Sale of Lots—Void, When.* Section 5618, Statutes of Oklahoma, 1893, which provides that, "On or before the first Monday of May, annually, the several county or township assessors shall make and deliver to the county clerk an assessment roll consisting of the following items, to-wit: A list of all taxable lands in such county, etc., * * with the number of acres in each tract set opposite the same in the column provided for that purpose, and the assessed value thereof in another column, with the columns of acres and values footed up; also stating the number of school and road districts in which such property and the owners thereof is situated." And "A list of the town lots in each town or city in each county, in like numerical order, with the valuation of each lot or part of lot, and the name of the person listing the same opposite, with the column of values footed up," etc., is mandatory in so far as it provides for the listing and valuing of each lot separately, and is not merely directory; and where three lots, lying contiguous in a city are listed separately but all valued together, such listing and valuation do not constitute a legal assessment and a sale of such lots, under such an assessment, is absolutely void.

2. TAX WARRANT—*Tax Deed—Void, When.* It is the duty of the county clerk to attach his warrant to the tax list, directing the treasurer to collect the taxes contained therein, as provided by sec. 5631, of the Statutes of Oklahoma, 1893; and a sale of real estate by the county treasurer, without having previously received the warrant of the clerk directing the collection of the taxes for which said real estate was sold, is without authority of law, and the tax deed for such real estate issued to the purchaser thereof, by the treasurer, is absolutely void.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*W. H. Criley*, for plaintiff in error.

*Dille & Blake* and *E. E. Blake*, for defendant in error.

Opinion of the court by

BURWELL, J.: The first question that we will consider in this case is as to whether or not it is necessary to separately list and assess each town lot in a town or city, or may they, when lying contiguous and owned by the same party, be assessed together under one valuation, which includes them all?

Lots numbered 9, 10 and 11, in block numbered 94, in the city of El Reno, were sold for the taxes of 1893, to the plaintiff herein. There is no contention between the parties to this suit over the manner of assessing these lots for that year. The three lots were also listed separately but assessed together for the subsequent years of 1894, 1895, 1896 and 1897. The plaintiff paid all of the taxes against these lots for each of these years and secured from the county treasurer, a tax deed therefor. He then brought a suit for possession, based upon the tax deed. Issues were joined and a trial had. Judgment was rendered in favor of the defendant, from which judgment the plaintiff appealed to this court.

The record shows that these three lots were owned by the same party; that they lie contiguous and were assessed in the name of Anne Gillett as the owner thereof; that she occupied all of them for a home for herself and family at all the times above named. Under many of the authorities, in fact, under the great weight of authority, this would be sufficient to authorize the assessment of all of the lots together, but these decisions are, as a rule, based upon statutes which only require that each tract be listed and valued separately. The courts hold that several lots belonging to the same person lying contiguous and occupied as a home consti-

tute but one tract, and that such statutes do not require that each lot be assessed separately. Our statutes though, provide that each lot shall be listed and assessed separately.  Therefore, the decisions holding that town lots. lying contiguous and owned by the same person, may be assessed together are inapplicable in this case.

Section 5618, Statutes of Oklahoma, 1893, provides,. that:

"On or before the first Monday of May annually, the several county or township assessors shall make out and deliver to the county clerk, an assessment roll, consisting of the following items, to-wit: A list of all taxable lands in such county, in numerical order, beginning with the lowest numbered section in the lowest numbered township, in the lowest numbered range in the county,. and ending in the highest numbered section, township and range, with the number of acres in each tract set opposite the same in the column provided for that purpose, and the assessed value thereof in another column with the columns of acres and values footed up;  also stating the number of the school and road districts in which such property and the owners thereof is situated. A list of the town lots in each town or city in each county, in like numerical order, with the valuation of each lot or part of lot and the name of the person listing the same opposite, with the column of values footed up," etc.

From this section of the statutes it will be seen that the lots must be listed separately with the valuation of each lot, or part  of lot, and the name of the person listing the same opposite with the column of value footed up.  The law is plain, and there can be no doubt about the intent of the legislature; but is this statute mandatory or only directory?

Mr. Black, in his work on tax titles, says, sections 101, 102 and 103:

"In regard to the assessment of real property, the statutes ordinarily give minute and specific directions. And these are for the most part mandatory. The reason is to be found in the anxious regard of the law for the protection of the taxpayer, and its desire to guard against any secret or unwarranted confiscation of his property. For the title to real estate is often involved with numerous conflicting claims, or embarrassed with liens or encumbrances of various kinds and different orders of priority. Hence, there may be several persons claiming or interested in the same parcel of land, and the privilege of paying the taxes, for the protection of his individual rights, may belong to either, or to each in turn. Or the default of one person may pass a duty upon another. It is necessary therefore, to so frame the laws that every person concerned shall be informed, with reasonable certainty, of the amount of the taxes and of their delinquency, and thus be afforded an opportunity to save his interest from forfeiture or the jeopardy of a tax sale. Hence, it is not the usual custom to assess the individual tax payer a sum in gross, based upon the value of all the real estate which he may own or be interested in, but to lay the assessments upon the owner in respect to each separate lot or tract of land, in order that the delinquency may be more easily ascertained and the land may be proceeded against in an action *quasi in rem*, thus affording notice to all parties concerned.

"One of the requirements of law which is especially designed for the protection of tax payers, which is imperative, and which is practically universal, is that each separate and distinct parcel of land shall be separately valued and assessed. Hence the assessment of a joint tax on two parcels of land, belonging to different owners, based on a joint valuation thereof, creates no lien

for the whole, or any part of such tax; and no apportionments of the tax will create a lien, unless made as a formal reassessment of the separate parcel, and based on a separate valuation thereof, with a corresponding change in the assessor's list. And a failure to observe this requirement is not cured by a statute which provides that assessments for taxation shall be valid 'notwithstanding any omission, defect or irregularity in the proceedings.' And when two different persons own distinct parcels of the same lot in severalty, it cannot properly be assessed to them as joint owners.  *  *  A fair construction of the statutes seems to require that each lot should be valued and assessed separately, when assessed as lands the owners of which are unknown. Again, where the two parcels are owned by the same person, the statutes generally require a separate assessment, and this direction is imperative. The reason is thus stated by the court in Maine: 'The owner had a right to redeem each of these lots by paying the taxes specifically assessed thereon, without being obliged to pay the tax assessed upon the other lot also, which constituted no lien upon the lots he might wish to redeem. The assessment and valuation of both lots in gross, if upheld, would deprive the owner of this right by compelling him to pay the taxes assessed upon both lots, or forfeit his right to relieve either from the lien imposed by the tax upon it. The law does not contemplate, nor will it sanction the aggregation of the several separate and distinct estates owned by a non-resident proprietor into one valuation and assessment. Embarrassing questions sometimes arise in determining what is to be regarded as a separate parcel for the purpose of assessment.  *  *  The lots into which town or city blocks are subdivided, are generally regarded as separate and distinct tracts or parcels of land, as much so as separate and distinct, though adjoining, farms or surveys in the country, and each lot should be separately assessed. But in California, it is held that blocks of land in a city may

be assessed by blocks, when assessed to the same owner even if they have been sub-divided into lots. And if two town lots are used and occupied as one lot, the buildings thereon being partly on each, they may be sold for taxes together as one lot, and their use and nature determine that they are to be so regarded." etc.

American & English Enc. Law, volume 25, p. 204:

"Subject to constitutional restrictions, it is for the legislature to provide the method and mode of assessing property for purposes of taxation. The assessment must be made in accordance with these provisions and with the securities and solemnities provided by the statute."

The same author, in the same volume, page 222, says:

"Separate and distinct parcels of real estate are to be considered as distinct subjects of taxation, and must be separately valued and assessed; the rule applies to lots and blocks into which land in cities and towns are usually sub-divided, as well as to the sections or legal subdivisions of government land, and failure to observe this requirement, will render the assessment void."

But the writer then proceeds to lay down the general rule as to contiguous lots as follows:

"But the rule does not require that a tract shall be divided into the smallest legal subdivision; and where two or more lots or tracts adjoin each other, and are used and occupied as one, they may be assessed as a single tract."

The supreme court of the United States, in the case of *Ira G. French v. Thomas Edwards et al.* 80 U. S. 511, says:

"Statutory requirements intended for the guide of officers in the conduct of business devolved upon them and designed to secure order, system and dispatch in proceedings, and by disregard of which the rights of parties interested cannot be injuriously affected, are not usually regarded as mandatory unless accompanied by

negative words, importing that the acts required shall not be done in any other manner or time than that designated. But requirements intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be, and generally would be, injuriously affected, are not directory, but mandatory. The power of the officer, in such cases, is limited by the manner and conditions prescribed for its exercise.

"The provision of the statute of California, that the sheriff in selling property upon a judgment recovered by the state against the property, for delinquent taxes, shall only sell the smallest quantity of the property which any purchaser will take and pay the judgment and costs, was intended for the protection of the tax payer, and is mandatory upon the officer and not directory merely."

Cooley on Taxation, p. 279, says:

"It is also generally made imperative that separate and distinct parcels of land shall be assessed separately. This is certainly essential where the lands are resident or seated, and in the occupancy of different persons, each of whom has a right to know exactly what demand the government makes upon him. A failure to observe this requirement is not a 'mere omission, defect or irregularity,' which can be overlooked, under a statute which provides that assessments for taxation shall be valid 'notwithstanding any omission, defect, or irregularity' in the proceedings. The like separate assessment is also essential in other cases if the statute requires it. * * Nay, when the two parcels are owned by the same person, if the statute requires a separate assessment, obedience to the requirement is essential to to the validity of the proceedings. It cannot be held in any case that it is unimportant to the tax payer whether this requirement is complied with or not. Indeed, it is made solely for his benefit; it being wholly immaterial,

so far as the interests of the state is concerned, whether separate estates are, or are not, separately assessed. And where a requirement has for its sole object the benefit of the tax payer, the necessity for a compliance with it cannot be made to depend upon the circumstances of a particular case, and the opinion of a court or jury regarding the importance of obedience to it in that instance. That method of construing statutes would abolish all certainty."

From these authorities it will be seen that when a statute directs an assessment to be made in a certain way, that mode must be followed, unless the owner of the land could not under any circumstances be prejudiced by assessing in a different manner; and the law will presume that the owner of real estate has been deprived of his property without due process of law, if the statute on listing and assessing property is not substantially complied with. There are many reasons why town lots should be listed and valued separately, some of which we will try to point out. And, in doing this, we shall not criticise the authorities which adhere to a different rule, because they emanate from some of the ablest courts of the country, and are entitled to the highest respect; but they are distinguishable under our statute from the case here presented. None of the statutes which we have examined provides that "each lot" shall be separately valued, but only that "each tract" shall be separately assessed, except in case of unoccupied lots, in which event, by some of the statutes, they must be separately assessed. It is argued that the lots being contiguous and occupied by the owner, he cannot be prejudiced by assessing them together. This, we think, is incorrect. When the legislature provided that "each

lot" should be valued separately, it did so for the benefit of the tax payer, and not for the convenience of the taxing power. If lots are assessed separately, one can pay the taxes on any one or more of the lots and let the others be sold. One may own several lots lying together in one block in which no other person has any interest at the time of the assessment, but sell a part of them soon thereafter and before time to pay taxes. Now, if these lots are valued together, how can the original owner and his grantee ascertain the correct amount of the taxes due on the respective lots? Again, the taxes might be so high on one lot that the owner would not care to pay the taxes on it, but at the same time be anxious to keep up the taxes on the lot lying next to it. The owner might also mortgage one or more of several lots before assessment; in case of default, how could the officers determine the amount of taxes that the mortgagee would have to pay to protect his mortgage, if the lots mortgaged were valued with other lots? The legislature foresaw all of these contingencies and provided that each lot should be valued separately. By this system of valuing town lots, each lot bears its own burden of taxation, and the owner can pay the taxes on just such lots as he desires and permit the others to go to sale.

The provisions of section 5618, are mandatory and not directory. By this section, the lots in a town are each to be valued separately, and when several lots lying contiguous are valued together, the assessment is a nullity, and a sale made on such an assessment is absolutely void. The legislature has spoken very plainly, and there is no room for doubt as to the manner of valuing town lots. The fact that two or more lots are covered by one

building makes no difference. The statutes say that town lots shall be valued separately. The lots herein having been valued together and not separately, the assessments were only assessments in name. They did not amount to an assessment in law, and left the lots in the same condition as though no assessment had ever been made.

II.    The three lots in controversy were separately listed and valued for the year 1893, but the defendant urges that the county treasurer had no power to collect the taxes for that year, by reason of the failure of the county clerk to attach to the tax list delivered to the county treasurer, his warrant directing the treasurer to collect the taxes therein contained, as provided in section 5631 of the Statutes of Oklahoma of 1893, which reads as follows:

"An entry is required to be made upon the tax list, showing what it is and for what county and year it is, and the county clerk shall attach to the list his warrant under his hand and official seal, in general terms requiring the treasurer to collect the taxes therein levied according to law; and no informality in the foregoing requirements shall render any proceedings for the collection of taxes illegal. The county clerk shall take the receipt of the county treasurer on delivering to him the tax list with the warrant of the county clerk attached and such list shall be full and sufficient authority for the collection by the treasurer of all taxes therein contained."

The only warrant or certificate to the tax list for 1893, was in the following language:

"Territory of Oklahoma, Canadian County, ss:

"I, W. J. Clark, county clerk of said county and Territory, do hereby certify that the attached tax roll contains

a true and correct copy of the tax roll of Canadian county, Oklahoma Territory, for the year 1893.

"In witness whereof, I have hereunto set my hand and affixed the seal of my office, this second day of January, 1894.

"W. J. CLARK, County Clerk."

Is this certificate sufficient to authorize the county treasurer to collect the taxes contained in the tax lists to which it is attached? Counsel for plaintiff in error contends that the clerk's warrant directing the treasurer to collect the taxes is immaterial, and insist that the law gives to the treasurer his authority to collect the taxes, and cite in support of his contention decisions of the supreme court of Iowa. The Iowa decisions are based upon a statute which is different from ours. It provides:

"The county auditor shall make an entry upon the tax list showing what it is, and for what county and year it is, and shall then deliver it to the county treasurer on or before the first day of November, taking his receipt therefor; and such list shall be full and sufficient authority for the county treasurer to collect taxes therein levied. But no informality therein, and no delay in delivering the same after the time above specified, shall affect the validity of any taxes, or sales, or other proceedings for the collection of taxes under this title." (Sec. 843, Statutes Iowa, 1873.)

From this section it will be seen that a county treasurer, under the laws of Iowa, gets his authority to collect taxes from the tax list duly certified by the auditor; therefore, decisions based on the Iowa code should have no weight in this case.

Cooley, in his work on Taxation, page 292, says:

"Before the collector is authorized to proceed in the collection of taxes, he must have his warrant for the

purpose, in due form of law.  This, in different states, may be the assessment roll or list, with the tax extended upon it, or it may be a duplicate of the list with a like extension, or it may be either of these, with a formal warrant attached, particularly indicating what are his duties under it, and commanding their performance.  Whatever the statute provides for, in this regard, the collector must have, and he is a trespasser if he proceeds to compulsory action without it.  Upon this point, the decisions are numerous and uniform.  In a case arising under a statute which required that a warrant should be attached to the tax duplicate, the following remarks have been made: 'The authority of a collector of taxes to collect is his warrant.  The duplicate is but a memorandum of the amount he is to collect from the parties therein named respectively.  Without a warrant the collector becomes a trespasser as soon as he intermeddles with the property of the tax payer.  There must also be a law authorizing the issue of a warrant, and some person appointed to issue it, and it must conform to the law authorizing it, and be issued by the proper person designated by law, or it is no protection to a collector.'  No question is made anywhere of the correctness of this doctrine.  Whatever may be the requisites of the warrant under the statute, care must be taken that they be observed."

To the same effect is Black on Tax Titles, section 201:

"In several of the states it is prescribed by statute that a warrant shall issue to the officer who is to collect the taxes by sale of property, specifically delegating to him the authority to make such sales.  This may consist of the assessment roll, with the taxes extended upon it, or a duplicate of the same, or either of these with the addition of a formal precept.  But whatever the statute provides for, in this regard, the collector must have, and he is a trespasser if he proceeds to compulsory action without it. In some jurisdictions, however, the tax warrant is not regarded as an essential step or fact in a tax sale,

etc. * * But these states constitute the exception to the rule. It is almost universally required that the collector shall be armed with a warrant, before proceeding to sell land, just as a sheriff, selling under judicial decree, must be provided with a writ. The duty of issuing the warrant at the proper time, is a mere ministerial duty which the law imposes upon the designated officer, leaving him no discretion to exercise in the matter, and investing him with no judicial functions in regard to it. He cannot allege illegality or irregularity in the assessment as a reason for withholding the warrant (though he might show want of jurisdiction,) and hence he may be compelled by mandamus to issue it. If the tax warrant is void, any sale made, or deed given, by virtue thereof, will be void also. * * Where the collector is thus furnished with a warrant, he cannot go beyond its terms. Thus, if it merely directs him to make the taxes by sale of the goods and the chattels of the delinquent, he has no authority whatever to advertise his lands for sale."

In *Lamb v. Farrall*, (Circuit Court, E. D. Arkansas) 21 Fed. Rep. p. 5, it is said: "The failure of the assessor to authenticate the assessment roll by his oath, as required by law, and the fact that no warrant for the collection of the tax was issued to the collector by the clerk, as required by law, are irregularities that will vitiate the tax sale and deed." See, also, *State v Cannon*, La. 11 So. p. 86; *Glos et ux. v. Randolph*, (Ill.) 27 N. E. 941; *Amos v. Sankey*, 128 Ill. 523, 21 N. E. Rep. 579; *Ogden v. Bemis*, 125 Ill. 105, 17 N. E. Rep. 55.

Many other authorities could be cited, but we deem it unnecessary, as the text books, as well as the authorities, show beyond any question that where the statute provides that a warrant shall issue from the county clerk to the treasurer, such warrant must issue as directed by the statute. A sale of real estate, without a warrant

having been issued, where one is required, is absolutely void and the purchaser takes nothing by virtue of such sale. Our statutes have provided how land shall be assessed, and how it shall be sold; and there must be a substantial compliance with all the requirements of the statute or a sale will convey no title. It is the duty of the county clerk to attach to the tax list his warrant, directing the county treasurer to collect the taxes. It is the warrant which clothes the treasurer with authority. The certificate of the county clerk attached to the tax list for the year 1893, a copy of which is given above, does not conform to the requirements of the law— it is not a warrant to the treasurer as required by section 5631 of our statutes. As there was no warrant issued to the treasurer for the year 1893, he had no authority to collect the taxes contained in such list, and had no legal right to sell property for non-payment of the same; and no warrant having been issued by the county clerk to the county treasurer, the sale of the lots above named for the taxes of that year was without authority, and the tax deed void; and the plaintiff in error having paid the taxes on the lot in controversy, at a time when they were not due under the law, he cannot recover the amount so paid from the defendant.

For the reason herein stated, the judgment of the trial court is hereby affirmed at the cost of the appellant. A mandate will issue in conformity herewith.

All of the Justices concurring.