George C. Eldridge v. W. S. Rorertson, A. D. Adams, *et al.*

(Filed September 5,.1907.)

(92 Pac. 156.)

1.   TAXATION—Tax Deeds—Necessary Recitals.  A tax deed which
     does not show upon its face the amount for which the tract or
     parcel of land which it purports to convey was sold is for that;
     reason void.

2.   SAME—Number of Lots Included in One Deed.  While a number
     of lots sold for taxes to the same individual may be included in·
     one tax deed, the deed must, on its face, show affirmatively that
     the different lots were sold separately, and also.the amount for·
     which each lot was sold.

*Error from the District Court of Logan County; before Jno. H.
Burford, Trial Judge.*

Reversed and remanded.

*Devereux. & Hildreth,* for plaintiff in error.

*Cotteral & Hornor, Houston & Buckner* and *Buckner & Buck-
ner,* for defendants in error.

Opinion of the court by

Burwell, J.:  Lots numbered sixteen, seventeen    and eigh-
teen, in block numbered twenty-six, in the city of Guthrie
(proper), were, by the townsite board, deeded to George C. Eld-
ridge.  These lots were sold on execution issued out of the pro-
bate court of Logan county and purchased at the execution sale
by one W. S. Robertson.  Subsequently, lots seventeen and eigh-
teen, in block twenty-six, referred to above, were sold for taxes,
and a tax deed issued therefor to one N. F. Frazier, who conveyed
the same by quitclaim deed to one A. D. Adams.  The Denver,
Enid & Gulf Railroad Company condemned all three of these lots
and paid the condemnation money into court.  Eldridge and Rob-
ertson claimed all of the condemnation money, and Adams claims
the condemnation money for lots seventeen and eighteen through

the tax deed therefor made to Frazier, her grantor. The trial court first tried the issue between Eldridge and Robertson and found in favor of Robertson, and then tried the issues between Adams and the other parties as to lots seventeen and eighteen, and found in favor of Adams; and, as the lots were of equal value, two-thirds of the condemnation money was ordered paid to Adams, and one-third to Robertson. Appeals were prosecuted to this court, and on September 6, 1906, this court, in the case of *Eldridge v. Robertson* (not officially reported) 87 Pac. 659, reversed the judgment of the trial court in so far as it decreed the rights of Robertson to be paramount to those of Eldridge. The court held therein that the probate court had no power to decree the sale of real estate on execution. This appeal involves the rights of Adams to the proceeds of lots seventeen and eighteen, the contest in relation thereto being between her and Eldridge. As stated before, Mrs. Adams claims under a tax deed executed by the county treasurer to N. F. Frazier. If this deed is valid, then she is entitled to the condemnation money for lots seventeen and eighteen; otherwise the proceeds should go to Eldridge, the original owner of the lots.

The tax deed to Frazier, under which Mrs. Adams claims, so far as necessary to consider, is in the following language:

"Whereas, N. F. Frazier, did on the 11th day of Oct A. D. 1904, produce to the undersigned, Joseph Stiles, treasurer of the county treasurer's office in said county, the tract, parcel or lot of purchase in writing bearing date of the 4th day of October, 1892, signed by L. F. Laverty, who at the last mentioned date was treasurer of said county, from which it appears that N. F. Frazier did, on the 4th day of October, 1892, purchase at public auction, at the county treasurer's office in said county, the tract, parcel or lot of land lastly in this indenture described, and which lots were sold to N. F. Frazier for the sum of one hundred eighty-four and 88-100 dollars, being the amount due on the following lots of land, returned delinquent for non-payment of taxes, and costs charged for the year 1891, to-wit: Lot 5 block 1, lot 6 block 1, lot 19 block 9, lot 5 block 10, lot 6 block 10, lot 21 block 10, lot 22 block 10, lot 8 block 11, lot 4 block 13, lot 6 block 13, lot 24 block 15, lot 3 block

16, lot 4 block 17, lot 21 block 19, lot 5 block 21, lot 7 block 22, lot 8 block 22, lot 16 block 24, lot 17 block 24, lot 18 block 24, lot 18 block 25, lot 17 block 26, lot 18 block 26, lot 3 block 32, lot 11 block 35, lot 10 block 45, lot 3 block 55, lot 5 block 65, lot 6 block 65, lot 4 block 68, lot 20 block 68, lot 21 block 70, lot 1 block 74, lot 4 block 74, lot 18 block 87, lot 19 block 87, lot 20 block 87, all in Guthrie proper."

This deed was duly recorded in the office of the register of deeds on November 20, 1894. Is it void upon its face? This court had occasion to consider a deed which was exactly in the form of the one in this case, in an opinion prepared by Mr. Justice Gillette, in the case of *Lowenstein v. Sexton,* 18 Okla. 322, 90 Pac. 410. The court, after setting out a copy of the deed in so far as necessary to determine the point involved, used the following language:

"The deed conveyed six separate parcels of land which were not contiguous, and recited that they were sold to plaintiff, Lowenstein, for the sum of $133.78, on the 3rd day of September, 1894, at the office of the county treasurer. The lot in question was sold for $43.63, which fact is not recited in the deed, but is shown by evidence produced upon the trial. It is urged that it was not necessary to the validity of the deed to this lot that the amount for which it was sold should have been recited therein. The statute governing the execution of tax deeds (section 5657, St. 1893) provides that the tax deed shall be substantially in the form which is set forth in that section, and which provides that the sum for which the property was sold should be set forth. It was not substantially in that form if it failed to set out the amount for which the property was sold. The tax deed under consideration does not do this, but does set out the total sum for which the six several tracts described in the deed were sold. The language of the statute is mandatory in its terms and tenor, and has not been complied with in this respect, so far as the lot in question is concerned as shown by the face of the deed. This court in *Weeks v. Murkle,* 6 Okla. 714, 52 Pac. 929, uses the following language: 'We find that the tax deed upon its face, by its terms, purports to convey property not contiguous, which was jointly sold for taxes. Such fact, so found, is sufficient to invalidate the deed.'"

The deed in the case now under consideration shows that a large number of lots, including lots seventeen and eighteen in block twenty-six, were sold to N. F. Frazier for the sum of one hundred eighty-four and 88-100 dollars. There is nothing in the deed that shows the sum for which either of these lots were sold. Under the decisions of this court this was necessary. Lots in a city must be listed and assessed separately. *Frazier v. Prince*, 8 Okla. 253, 58 Pac. 751. And while a number of lots sold for taxes to the same individual may be included in one deed, the deed must on its face show affirmatively that the different lots were sold separately, and also the amount for which each lot was sold. The deed in the case before us states that the "lots (describing all of the lots included in the deed) were sold to N. F. Frazier for the sum of one hundred eighty-four and 88-100 dollars, being the amount due on the following lots of land, to-wit:" This language indicates a sale of all of the lots together at one time. Therefore the deed is void, and neither Frazier nor his grantee, Adams, could claim the proceeds of the lot under it, as against the real owner, Eldridge.

In the case of *Lowenstein v. Sexton, supra,* the record showed a separate sale of the lots, but because the deed failed to recite the amount for which the particular lot sold, it was held to be void.

Upon this authority, the judgment of the lower court in the case now under consideration is hereby reversed, and the cause remanded with direction to proceed in conformity with this opinion. Costs taxed to Adams.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.