## EMERY v. STANSBURY.

No. 24278. June 11, 1935.

Rehearing Denied Sept. 17, 1935.

profits; or, if the defendant is unable to account for such rents, then for the fair rental value of the property during the period of time it was held by him. The answer of the defendant consisted of a general denial, the execution and delivery of his tax deed, and a plea of the statute of limitations. A jury was waived and the court heard the evidence and rendered judgment in favor of the defendant on the theory that the allegations of the plaintiff's petition were not supported by the evidence and that his cause of action was barred by the statute of limitations.

The plaintiff brings this cause here for review on the theory that the resale tax deed is void (1) on its face; and (2) on the face of the record; and that therefore the short statute of limitations has no application to the case. After the plaintiff had rested the defendant was called to the witness stand and identified his resale tax deed. It was then offered in evidence and the plaintiff objected "for the reason that the deed is incompetent, irrelevant, and immaterial, being void on its face and not admissible as a muniment of title." The objection was overruled, exception allowed, and the deed introduced.

The deed in question is dated and acknowledged April 16, 1928, and was recorded May 31, 1928. It purports to be on State Examiner and Inspector's form 1455-D. After reciting the facts of the original sale, and that the land had not been redeemed, it continues:

"* * * On the 16th day of April, 1928, at a sale begun on the third Monday of April of the year 1928, * * * and continued from day to day between the same hours until completed, Roy P. Boyce, the undersigned county treasurer of said county * * * did then and there sell separately * * * the following described real property for the amount set opposit thereto, to wit:

| Lot | Block | Description |
|---|---|---|
| All Block | 7 | Sweets Add. Watonga |

| Purchaser | Price |
|---|---|
| Troy Stansbury | $10.00 |

(Other property not involved herein)

He being the highest and best bidder therefor, and the said sum being the highest amount bid therefor, and the said real estate as described aforesaid being _____ vacant lots in Watonga, Okeene & Canton, Blaine County, Oklahoma."

The question before the court at this state of the proceedings was, "Where a resale tax deed shows on its face that 'All Block 7, of a town was sold for $10, is such deed void on its face?"

Charles A. Dickson and Charles B. McCrory, for plaintiff in error.

N. S. Corn and Theodore Graalman, for defendant in error.

PER CURIAM. The ultimate object of this action is to determine the validity or invalidity of a resale tax deed to block 7, Sweets addition to Watonga, Okla. The parties occupy the same position in this court as in the trial court, and for convenience will be referred to as the plaintiff and defendant. The petition alleged three causes of action: First, to quiet title under section 591, O. S. 1931; second, to recover possession under section 592, O. S. 1931, and third, for an accounting for rents and

In considering whether the deed in question is prima facie valid or void, the recitals of fact contained in it must be considered to the exclusion of all other evidence (Sitton v. Hernstadt, 106 Okla. 140, 233 P. 676), but in accordance with the principles of law. It is well settled that while several tracts of land may be included in one deed, such deed must affirmatively show the amount for which each lot. or tract was sold. Lowenstein v. Sexton, 18 Okla. 322, 90 P. 410; Kramer v. Smith, 23 Okla. 381, 100 P. 532; Eldridge v. Robertson, 19 Okla. 165, 92 P. 156. It is also well settled that where the deed shows on its face that several lots were sold together in one deed, such deed is void. Miller v. Noble, 59 Okla. 29, 157 P. 740; Kramer v. Smith, supra; Frazier v. Prince, 8 Okla. 253, 58 P. 751; Eldridge v. Robertson, supra; Elerick v. Reed, 113 Okla. 195, 240 P. 1045.

The exact question presented in this case, however, has never been presented to this court, but it is a matter of common knowledge, and hence proper to be judicially noticed, that cities and towns in Oklahoma are divided by streets and alleys into blocks, and that blocks are likewise divided into lots. See sections 6137-6142, O. S 1931. This being true, then it cannot be said that the deed in question showed affirmatively the amount for which each lot was sold. The deed was therefore void on its face and not admissible in evidence to support an adverse possession under the short statute of limitations. Keller v. Hawk, 19 Okla. 407, 91 P. 778; Swan v. Kuehner, 157 Okla. 37, 10 P. (2d) 707. The court therefore erred in not sustaining the objection to the introduction of this deed.

The deed in question was also void for want of power and authority in the county treasurer to execute and deliver the same. As part of his proof plaintiff introduced in evidence a blue print of the official plat to Sweet's addition to Watonga, which was recorded in the office of the register of deeds of Blaine county, Territory of Oklahoma, on December 12, 1901. This official plat shows that "Block 7" is composed of 10 lots, each numbered consecutively from 1 to 10, inclusive, in accordance with the provisions of sections 719-722, Statutes of 1893 (St. 1903, 577-580). This land should, therefore, have been assessed in accordance with the provisions relating to town lots. Section 12616, O. S. 1931, which has been in force in this state without change ever since 1893, requires the assessor to make up an assessment roll to consist, among other things, of a "list of

town lots in each town or city * * * with the valuation of each lot or part of lot, * * *" while section 12628, O. S. 1931, provides that the tax roll shall consist, among other things, of "a list of the city or town lots in each city or town in the county. * * *" These provisions are mandatory, and the failure to comply with them renders the assessment illegal. Frazier v. Prince, 8 Okla. 253, 58 P. 751.

Assessment of property for taxation is one of the essential steps leading up to the collection of taxes. If an assessment is void it follows inevitably that a sale based on such assessment is likewise void. Frazier v. Prince, supra. The defendant argues that since the evidence shows that this block had always been listed as one tract, and that the tract had always been owned by the same person, the plaintiff cannot now object. This same argument was made many years ago and refuted by the Territorial Supreme Court in Frazier v. Prince, supra, where Justice Burwell said:

"It is argued that, the lots being contiguous, and occupied by the owner, he cannot be prejudiced by assessing them together. This, we think, is incorrect. When the Legislature provided that 'each lot' should be valued separately, it did so for the benefit of the taxpayer, and not for the convenience of the taxing power. If lots are assessed separately, one can pay the taxes on any one or more of the lots, and let the others be sold. One may own several lots lying together in one block, in which no other person has any interest at the time of the assessment, but sell a part of them soon thereafter, and before time to pay taxes. Now, if these lots are valued together, how can the original owner and his grantee ascertain the correct amount of the taxes due on the respective lots? Again, the taxes might be so high on one lot that the owner would not care to pay the taxes on it, but at the same time be anxious to keep up the taxes on the lot lying next to it. The owner might also mortgage one or more of several lots before assessment. In case of default, how could the officers determine the amount of taxes that the mortgagee would have to pay to protect his mortgage, if the lots mortgaged were valued with other lots? The Legislature foresaw all of these contingencies, and provided that each lot should be valued separately. By this system of valuing town lots, each lot bears its own burden of taxation, and the owner can pay the taxes on just such lots as he desires, and permit the others to go to sale. The provisions of section 5618 are mandatory, and not directory. By this section the lots in a town are each to be valued separately, and when several lots lying con-

tiguous are valued together, the assessment is a nullity, and a sale made on such assessment is absolutely void."

Since the mandatory provisions of the statute have not been complied with, the county treasurer was without authority to execute and deliver the deed, and the owner of the land was not barred by the short statute of limitations. Subd. 3, sec. 99, O. S. 1931.

Also, since the resale tax deed was void the defendant acquired no rights thereunder and was not entitled to collect any rents or profits therefrom, and must account to the plaintiff for any rents received by him less the taxes; penalties, interest and costs justly chargeable on the land and paid by him at such resale, or afterwards upon the faith of it, with legal interest from the time of such payments. Levy v. Inman, 103 Okla. 90, 229 P. 436.

If the defendant is unable to account for the rents collected by him from the land in question, and if, by virtue of the void deed he has deprived plaintiff of the use and occupancy of the land, then plaintiff is entitled to recover from him the reasonable rental value of the premises (Davenport v. Doyle, 57 Okla. 341, 157 P. 110), less the taxes, etc., paid by the defendant.

The cause is reversed and remanded, with directions to proceed in accordance herewith.

The Supreme Court acknowledges the aid of Attorneys R. A. Barney, M. L. Holcombe, and J. I. Howard in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Barney and approved by Mr. Holcombe and Mr. Howard, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, PHELPS, and GIBSON, JJ., concur.