## BOARD OF COMR'S OF TULSA COUNTY v. SUTTON.

No. 29045. Sept. 12, 1939.

Rehearing Denied Oct. 24, 1939.

Second Petition for Rehearing Denied Nov. 21, 1939.

Dixie Gilmer, Co. Atty. and John F. Conway, Asst. Co. Atty., for plaintiff in error.

Chas. R. Nesbitt, for defendant in error.

John R. Woodard, amicus curiae.

GIBSON, J. This appeal is from a judgment of the district court of Tulsa county canceling a resale tax deed held by the county.

Plaintiff below attacked the deed on two separate grounds: First, that it was void on its face in that it purports to convey a part of two town lots together and for a single consideration; second, that the assessment upon which the deed was based was also void for the reason that the two parcels were assessed together. The trial court sustained both of plaintiff's contentions.

It is asserted that these two parcels must be treated as separate tracts for the purpose of taxation under the statutes (secs. 12616, 12628, O. S. 1931, 68 Okla. St. Ann. §§ 181, 294), and as such must be conveyed for separate considerations, all of which must affirmatively appear in the tax deed, and failure in this respect renders the deed void on its face.

The decisions of this court at first glance would apparently sustain the foregoing contention. Though a tax deed may describe and convey any number of lots or tracts, it must affirmatively appear on the face of the deed that each lot or tract was sold separately and for a specific individual consideration, otherwise the deed is void on its face. Kramer v. Smith, 23 Okla. 381, 100 P. 532; Blanchard v. Reed, 67 Okla. 137, 168 P. 664; Clewell v. Cottle, 99 Okla. 84, 225 P. 946; Sires v. Parriott, 106 Okla. 244. 233 P. 748; Elerick v. Reed, 113 Okla. 195, 240 P. 1045; Cunningham v. Webber, 171 Okla. 211, 42 P.2d 244. The general rule announced in these decisions is clearly stated in Sires v. Parriott, supra, as follows:

"While a number of parcels or tracts of land sold for taxes to the same individual

may be included in one tax deed, the deed must, on its face, show affirmatively that the different tracts were sold separately, and also the amount for which each tract was sold.".

And in Emery v. Stansbury, 173 Okla. 478, 49 P.2d 155, we find the rule stated as follows:

"Where a resale tax deed shows on its face that several lots were sold together in one deed, such deed is void on its face."

The foregoing decisions have as their foundation certain cases decided by the Territorial Supreme Court construing the section of the statute prescribing the form of tax deeds (sec. 5667, St. 1893, now substantially embodied in sections 12760, 12,-761, and 12762, O. S. 1931), or the assessment statutes, supra. The cases referred to are Weeks v. Merkle, 6 Okla. 714, 52 P. 929; Frazier v. Prince, 8 Okla. 253, 58 P. 751; Lowenstein v. Sexton, 18 Okla. 322, 90 P. 410; Eldridge v. Robertson, 19 Okla. 165, 92 P. 156.

Throughout all those decisions there runs the clearly expressed purpose to hold in effect that the legal description of each parcel of land as set out in the tax deed, and for which an individual or separate consideration is therein recited, must be sufficient within the meaning of the assessment statutes aforesaid to permit its listing and valuation under that description for purposes of taxation. If the deed in its recitals fail in this respect, it is held to be void on its face. The land in the instant case was described as W. 22½ ft. E. 45 ft. of lots 3 and 4, block 74, original townsite of Tulsa, meaning the west 22½ feet of the east 45 feet of lots 3 and 4, block 74. The consideration therefor was recited in the deed. The evidence shows that the property was listed and valued under the description stated in the deed. Section 12616, supra, requires, among other things, that each lot or part of lot in a city or town be listed and valued separately on the tax rolls. This court has said that this provision is mandatory.

The parent case in this state on the instant question is Weeks v. Merkle, supra. There it was held that a tax deed which failed to show that the several lots therein described and not contiguous were sold separately was void on its face. That holding was somewhat departed from in Frazier v. Prince, supra, wherein it was held that "where three lots, lying contiguous in a city, are listed separately, but all valued together, such listing and valuation do not constitute a legal assessment, and a sale of such lots under such an assessment is absolutely void." Then it would appear that if the tax deed described contiguous lots or parts of lots and disclosed a sale of all for a single consideration the same would be void on its face. Emery v. Stansbury, supra. If they are valued together, the assessment is void; if sold for a single consideration, the deed is void on its face.

The statute requiring separate assessment of lots and parts of lots is said to be for the sole benefit and convenience of the owner; he may not desire to pay the taxes on all the lots. Frazier v. Prince, supra. But the holding in that case, as quoted above, was very materially weakened in that the court gave due recognition to the general rule which is directly contrary to its own decision. The rule as quoted from the opinion reads as follows:

"And where two or more lots or tracts adjoin each other, and are used and occupied as one, they may be assessed as a single tract."

The court then sums up the authorities there cited as follows:

"From these authorities it will be seen that when a statute directs an assessment to be made in a certain way, that mode must be followed, unless the owner of the land could not under any circumstances be prejudiced by assessing in a different manner. * * *"

Notwithstanding its foregoing statement, the court in the last-cited case held the statute mandatory and that each lot must be assessed separately although all may be occupied by the same owner, and, going beyond the question involved, concluded by saying there must be a separate assessment and separate sale even where the lots are covered by one building. There the lots were occupied as a home, but it does not appear whether the residence covered more than one lot.

That decision declares that the welfare of the taxpayer is of paramount importance, and, in the same breath, states that the statute is mandatory; it may not be deviated from because of the privileges and benefits therein guaranteed to the landowner. This reasoning is not entirely consistent. If the welfare of the taxpayer is of first consideration, then the statute should be construed and interpreted with that end in view. There may be particular or isolated instances where a literal interpretation of the statute would result in grave hardship to the landowner and of no material benefit to the taxing power. If any serious disadvantage in a particular

case would result from a strict compliance, surely, and under the foregoing decision, the taxpayer should be entitled to a liberal construction of the statute if thereby his interests would be the better served and no material inconvenience be suffered by the county in the preparation of the tax rolls.

One such instance requiring liberal statutory construction is where, as here, the owner occupies both lots or parts of lots with a single structure of a permanent nature.

In such case the danger of pecuniary loss and the inconvenience to be encountered by the taxpayer from separate assessment and sale of the two parcels are too obvious to warrant discussion. The advantages to be gained by saving one parcel and allowing the other to be sold for taxes do not exist. The reasons assigned for literal compliance with the statute no longer obtain. That the owner would in any manner gain advantage through separate assessment is inconceivable. Section 12616, supra, simply means that lots or parts of lots as described by official plats or such parcels as are permanently established by the owner as separate tracts or lots shall be listed and valued separately for purposes of taxation. No reason exists for holding that each lot as described by the plat should be separately listed and valued in such case. To hold that the law contemplated a separate assessment of half a building with each of the two parts of lots would lead to absurd consequences. We are to presume that such a result was not intended by the Legislature. Town of Grove v. Haskell, 31 Okla. 77, 116 P. 805.

In Cooper v. Miller, 45 P. 325, the Supreme Court of California had under consideration a similar question. The statute in that state required that city and town lots be "listed and specified in separate columns" on the assessment book, but the court held that lots owned by one person and occupied by one building and used together were subject to assessment as one parcel. We agree with the reasoning of the court in that case, and adopt as appropriate here its statement as follows:

"* * * To divide the improvement into fifths, and assess an undivided one-fifth thereof upon each lot, would be a practice not contemplated by the law. To hold that the statute requires that the land upon which the Palace Hotel of this city, or any other large building, is situated, should be assessed by lots, and the improvements assessed and apportioned in undivided parts to each lot, would be to declare an absurd-ity existing in law, where there is no reason whatever for it. * * *"

Except for the obiter dictum expressed in Weeks v. Merkle, above, the foregoing conclusion is in conflict with none of our decisions. We have never held that an assessment of the character here considered was void. Although this court in its decisions has usually treated a city lot or part of lot as a separate tract for purposes of assessment, and has held a tax deed void on its face if it failed to show that each tract or parcel was sold for a separate consideration, we have not held directly that a deed conveying contiguous lots or tracts was void on its face for the sole reason that only one consideration was shown. We have held that a deed in such case is void on its face if it is therein shown that the lots are not contiguous (Miller v. Noble, 59 Okla. 29, 157 P. 740); and that the deed is void if it appear on the face thereof that the lots, though contiguous, are vacant. Emery v. Stansbury, supra. The rule as expressed in the latter case, and quoted above, makes no distinction between a deed showing vacant lots and one that is silent as to the character of the improvements thereon. The lots, however, were shown by the deed to be vacant, and the rule there expressed, so far as it fails to take into account this distinction, is not applicable here, but is specifically restricted to deeds disclosing vacant lots.

The correct principle to observe in cases of this character is to indulge the presumption that a land description contained in a tax deed and bearing a single consideration is a separate tract and properly subject to assessment under that description, unless the contrary appears on the face of the deed. The courts should not lose sight of the presumptions of validity that accompany a tax deed (sec. 12760, O. S. 1931). The deed is presumptive evidence that the land therein described was listed and assessed according to law. The face of the deed may refute the presumption, or it may be overcome by proper evidence. Unless it is shown that the lots or parcels described in the tax deed as one tract are not all occupied in whole or in part by a single permanent structure, the aforesaid presumption will prevail.

The judgment of the trial court is reversed, with directions to render judgment in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur.