BENNETT v. BOARD OF COUNTY COM'RS et al.

No. 31513.   Feb. 20, 1945.

Rehearing Denied March 27, 1945.

Application for Leave to File Second Petition for Rehearing Denied May 1, 1945.

157 P. 2d 914.

John E. Layden, of McAlester, for plaintiff in error.

Tom G. Haile, County Atty., and J. S. Arnote, both of McAlester, for defendants in error.

BAYLESS, J.   John D. Bennett instituted an action in the district court of Pittsburg county against the board of county commissioners of said county and the county treasurer for the purpose of obtaining relief against the effect of a resale deed held by said county, covering lot 20, block 269, in the city of McAlester. The defendants filed an answer in which they contested plaintiff's complaint for relief and in which they cross-petitioned to have title of Pittsburg county, based on the resale and its antecedent proceedings, quieted. Judgment was for the defendants, and Bennett appeals.

In his brief on the merits Bennett assigned three errors as the basis for reversing the judgment, but has since abandoned the second proposition. There remain for answer, therefore, proposition No. 1, wherein it is contended that the resale tax deed to the county was void because the property was not advertised and sold for the total amount of taxes, interest, penalties, and costs due; and proposition No. 2, wherein it is contended that the assessments whereon the delinquent taxes are based were void because the building located on lot 20 also covers parts of lots 19 and 21, and said lots are not assessed as a unit containing the building being assessed to lot 20 alone.

There is no material difference between the parties respecting the evi-

dence in the case as such. Their primary difference arises over the law applicable thereto.

Bennett contends, and we assume he is correct, that the taxes for the years 1926, 1927, and 1928 were due and delinquent. It is a fact that the taxes for those years were not advertised in the resale proceedings. Bennett relies upon Young, Trustee, v. Boswell, 191 Okla. 680, 134 P. 2d 592, and other decisions, for the rule that unless the advertisement whereon a resale is based includes all of the taxes due and delinquent, together with costs and interest and penalties, the sale is void.

On the other hand, defendants rely on Bramble v. Caywood, 193 Okla. 668, 146 P. 2d 587, for a rule to the contrary. In the Bramble Case we pointed out the difference between the line of decisions relied on by Bennett and the rule followed in the Bramble Case. The rule based on the latter case arises from the curative provisions of the 1939 resale law. This rule is applicable to the present case and controls the decision on Bennett's first contention, contrary to his view.

The other contention argued by Bennett has not been decided by this court and apparently is not governed by statute. As pointed out by Bennett, he owns a building that covers a part of lot 19, all of lot 20, and a part of lot 21, whereas the deed involved conveys only lot 20. Bennett testified that he never did return a voluntary assessment of this property after he became the owner, but that he always allowed the county assessor to make what he termed an "arbitrary" assessment. The law obliges the owners of property to return it for assessment, 68 O. S. 1941 § 15.1 et seq., and authorizes county assessors to assess property where the owner fails to return it. Said section 15.11, supra, directs the owner to separate the values of the land from the improvements thereon, and where the county assessors assess they must follow the same direction. Bennett frankly concedes in his brief that he knows of no statute that directs county assessors, when assessing in lieu of the owner's return, to assess as one unit all of the city lots under one structure or improvement and to assess the value of the structure or improvement to the group of lots. Our attention has been called to Board of Commissioners v. Sutton, 185 Okla. 665, 95 P. 2d 648, wherein we held valid the action of an owner in returning two lots covered by one structure as one unit of land for assessment and the structure as one unit of value without attempting to apportion the value of the structure between the two lots. As stated before, we find no statute directing the joinder or separation of lots under one structure, nor requiring a structure or improvement to be treated as one unit or apportioned to the various lots it covers. The rule in such instances seems to be that since the owner returns his property for assessment, he may adopt any position that is to his benefit.

With the foregoing as a basis, we are impressed with the argument of the county that Bennett, having failed to return his property for assessment according to law, and having permitted the county assessor to assess it as the record before us shows, he cannot now complain of the failure of the county assessor to group the land on which this structure stands as one unit for valuation, nor can he show that all of the value of the building was assessed to one lot or part of the land, to defeat the deed.

We know of no rule that permits the purchaser at a tax sale or the former owner to complain of the issuance of a tax deed to a part only of the land whereon a building is located. The land is sold and the tax title is taken with notice of the status of the proceedings whereon the land was assessed and the tax levied, and if such a sale results in the purchaser obtaining title to only a part of a building, the parties occupy the same position that would result from the voluntary sale of a part of the land covered by a building.

Bennett testified at length regarding the delinquent taxes on this property and of his efforts to straighten the mat-

ter out. He testified that he paid the taxes on the portions of the other two lots but never did pay the taxes on lot 20 because of the failure of the taxing authorities to correct the record with respect to the taxes delinquent for the years 1926, 1927, and 1928. He did not testify to efforts that would bring him within the rule announced in Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825, and other decisions cited therein. He did testify that he consulted with the county commissioners about how best to straighten the matter out, and adopted their advice to let lot 20 be sold at resale and to bid it in and clear his title. However, some one else outbid him at the resale, and he then brought this action. Under this record we are of the opinion the trial court correctly held against him.

The judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, OSBORN, WELCH, CORN, and DAVISON, JJ., concur. GIBSON, C.J., and ARNOLD, J., dissent.