### JAMES R. CARTRIGHT V. ARTHUR SMITH.

AFFIRMING JUDGMENTS, *Where Error not Affirmatively Shown.* In an action of replevin, tried by a justice of the peace, where it is difficult to determine from the record in whose favor the justice found, or intended to find, and where the justice rendered judgment in favor of the defendant for three dollars damages, and rendered judgment in favor of the plaintiff for costs, and did not render any judgment concerning the property in controversy, whereupon the defendant took the case to the district court on petition in error, and the district court reversed the judgment of the justice of the peace, and then rendered judgment in favor of said defendant for his costs both in the district court and the justice's court, *held,* that the judgment of the district court will not be disturbed on the application of said plaintiff.

### *Error from Miami District Court.*

REPLEVIN, brought by *Cartright* as plaintiff, and tried before T. J. T., a justice of the peace. The transcript contains the following as the argument, opinion, lecture, and judgment of the learned justice, made, given, submitted and pronounced on the 31st of May, 1873, to-wit:

(*Title.*) "On hearing the evidence, and carefully weighing it, together with the pleadings of their attorneys, the court is in doubt, that the inclosure around the field where the wheat

was growing was not a legal fence. Such was the testimony of Mr. Barr. But where he supposed the hog got in, it was, according to his measurement. Taking the testimony as a whole, the finding of the court is, that the plaintiff pay the defendant the three dollars tendered him ; and that the defendant, who, according to the evidence before the court, refused to take a fair compensation for damages, when tendered, and, when asked what amount of damages he claimed, refused to fix any amount thus amicably sought, (saying 'they would come to town to learn,') pay the costs of suit, taxed at the sum of $24.15."

The district court, at the September Term 1873, on petition in error, ruthlessly reversed said judgment, whereupon plaintiff *Cartright* brought the case here for review.

*J. H. C. Royce*, for plaintiff.

*Roberts & Kingsley*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by Cartright against Smith, in a justice's court, for the recovery of a certain hog which belonged to Cartright. The hog trespassed upon Smith's premises. Smith took it up. Cartright demanded the hog, and tendered Smith three dollars for damages, cost and expense. Smith refused to receive the tender, or to give up the hog. Cartright then replevied the hog from Smith, and still has possession of the same. The action was tried by the justice without a jury. It is difficult to determine from the record in whose favor the justice found, or intended to find. But the justice rendered judgment in favor of the defendant for three dollars damages, and rendered judgment in favor of the plaintiff for costs, and did not render any judgment concerning the property in controversy. The defendant then took the case to the district court on petition in error. The district court reversed the judgment of the justice of the peace, and then rendered judgment in favor of said defendant Smith for his costs, both in the district court and in the justice's court. Now whether

the said Smith wrongfully detained said hog or not, we cannot tell from the record. Whether the justice intended to find that Smith wrongfully or rightfully detained said hog, we cannot tell from the record. Whether the judgment in the justice's court should have been for the plaintiff, or for the defendant, we cannot tell from the record. And therefore, whether the district court erred in its judgment or not, we cannot tell from the record. Perhaps it is fair, where a plaintiff institutes proceedings, and causes costs to be made, that he should pay such costs, unless he make the record show affirmatively that he should not pay them. The apparent reason given by the justice for imposing the costs upon the defendant is certainly not sufficient.

As it is not shown affirmatively that the court below erred, the judgment must be affirmed.

All the Justices concurring.