MARY A. SANDERS, *as Adm'x, etc., et al.,* v. WM. H. HALL.

JUDGMENT, *Set Aside —Leave Given to Answer.* A defendant who makes application within a few days after the time for answer has expired, and before judgment is rendered against him by default, to the court for leave to file an answer, and is told by the court that the case would not be reached at that term, and that time would be given him to answer, and in a few days thereafter a judgment is rendered against him, and an execution issued on that judgment, is entitled on a proper showing, and such terms as may be just, to have the judgment set aside, and leave given him to file an answer, and opportunity given to try the case on its merits.

### *Error from Shawnee District Court.*

ACTION in ejectment, brought by *Hall* against the plaintiffs in error, on the 28th day of November, 1879. Trial and judgment for the plaintiff, on the 22d day of January, 1880. On the 5th day of March the defendants below filed their demand that said judgment be set aside and a new and second trial be had, as provided by § 599 of the code of civil procedure. The application was heard on that day, and granted against the objection of the plaintiff. Hall brought the case to this court, where it was decided that "in an action brought for the recovery of real property and damages for its detention, another or second trial cannot be granted to the defendants under the terms of § 599 of the code, without any showing therefor, as a matter of right, where such defendant fails to demur, answer or otherwise appear until after the judgment is rendered upon default."

The action was originally brought against Francis L. Sanders, Mary A. Sanders, his wife, and Bion Sanders, his son. Sometime in December, 1879, and some ten days before the answer-day named in the summons, Francis L. Sanders consulted an attorney in regard to the action, and employed him to appear and answer for the defendants, and stated to him all the facts, and was advised by the attorney that the defendants had a good defense to said action. . The attorney neglected to

file an answer within the time specified in the summons, and being very suddenly called to Washington on important business, requested another attorney to go into court, then in session, and get leave to answer either on the 7th or the 8th of January, 1880. The attorney did as requested, and was told by the judge that the case would not be called or reached during that term, and that the attorney of the parties would have time to answer after his return. Very soon after the rendition of the judgment on the 22d day of January, 1880, an execution was issued against the defendants below, and on the 9th day of February they made an application to the court to set aside the judgment and recall the execution. The court made an order directing the execution to be returned and all proceedings to be stayed until the 8th day of March, 1880. On the 5th day of March, 1880, the defendants gave notice of an application to the court for leave to answer within a reasonable time, on such terms as the court would impose, and that affidavits would be used in support thereof. On the 10th day of April, 1880, leave was granted, but the defendants were required to pay all the costs of the action which had accrued up to that time. The verified answer was filed on the 10th day of April, 1880, and on the 21st day of April, 1880, they paid all the costs, including the costs of the filing of their answer. Before the time expired for the plaintiff to file a reply to the answer of the defendants, the plaintiff applied to the defendants' attorney for an extension of time in which to file a reply, and a stipulation to that effect is in the record. The case of *Hall v. Sanders*, 25 Kas. 538, was decided at the January Term, 1881, the opinion being filed at the June sitting of that year, but the mandate was not filed in the district court until the 30th of January, 1883. In the meantime Francis L. Sanders had died, and Mary A. Sanders had been appointed administratrix of the estate. On the 12th day of March, 1883, the action was revived against her as administratrix. On the 16th day of March, 1883, the defendants offered to pay all costs accrued in the action to date, and filed a motion to vacate and set aside said judgment of the 22d of January,

1880, and tendered with said motion a verified answer. Notice was also given of the use of affidavits, orders, etc., on the hearing. This motion was not heard until January, 1885, for the reason that during that time the district judge had been of counsel and these motions had been heard by his successor in office. On the 24th day of February, 1885, the district court overruled the motion to set aside the judgment and allow the defendants to file an answer. They excepted, and bring the case here.

*Leland J. Webb,* and *Linus S. Webb,* for plaintiffs in error.
*Wm. P. Douthitt,* for defendant in error.

Opinion by SIMPSON, C.: This was an action in ejectment. The petition was filed on the 28th day of November, 1879, and judgment by default was taken on the 22d day of January, 1880. Sometime in the month of December, and before the answer-day named in the summons, Francis L. Sanders, one of the defendants in the court below, employed an attorney to defend the action against him and his co-defendants, stating to him all the facts, and receiving from him an assurance that the defendants had a good defense upon the merits to said action. On the 6th day of January, the attorney employed by Francis L. Sanders was suddenly called to Washington on important business, and before leaving requested a brother attorney to go into court, then in session, state the facts, and ask leave to file an answer for the defendants. On the 7th or 8th day of January, the attorney went into court, called the attention of the court to the case, and requested leave to file an answer, and was informed by the judge that the case would not be for trial at that term, and that the attorney employed would have time to answer after his return from Washington. On the 22d day of January, judgment was taken by default, against the defendants, and on the 9th day of February an execution was issued on the judgment. On that day, the attorney employed being still absent, the other attorney filed in the clerk's

18 — 37 KAS.

office a written demand for another or second trial of the action, and presented this motion to the court, and made such a showing that the court made an order reciting that a motion having been filed to set aside the judgment in said action, it is ordered and directed that the execution issued in the action be returned, and that further proceedings be stayed thereon until the 8th day of March, 1880. On the 5th day of March the court sustained the demand of the defendants for another or second trial, and made an order granting a new or second trial of this action in accordance with § 599 of the code. To this ruling of the court an exception was taken, and the plaintiff given until the 20th day of March to present his bill of exceptions — the defendants at the same time giving notice of a motion for leave to file an answer. They filed their motion on the same day, and it was heard on the 10th day of April. The court granted them leave to file an answer instanter, for good cause shown, and required them to pay all costs to that date. The answer of the defendants was filed on the 10th day of April, and on the 21st of the same month they paid all the costs as required, amounting to the sum of $13.50. In the meantime the plaintiff had taken the case to this court, and no further proceedings were had in the district court until the 30th day of January, 1883, when a mandate was presented and spread upon the journal of the district court reversing its order granting the defendants a second or new trial. (See *Hall v. Sanders*, 25 Kas. 538.)

On the 12th day of March, 1883, the death of Francis L. Sanders was suggested, and by stipulation an order was entered reviving the judgment against Mary A. Sanders, administratrix of the estate of Francis L. Sanders, deceased, in her official capacity as such administratrix. On the 16th day of March, 1883, the defendants filed their motion to set aside and vacate the judgment rendered against them by default, on the 22d day of January, 1880, with leave to file an answer, and with an offer to pay all costs accrued in the action to date, and also presented a verified answer. Notice was given the attorneys of record of the plaintiff that this motion would be heard

on the 16th day of April, and that the affidavits of certain persons would be read in support thereof. This notice was duly served on the 16th of March. The Hon. John Martin, judge of the district court of Shawnee county from almost the 1st day of February, 1883, until the second Monday in January, 1885, refused to hear said motion, because he had been of counsel, and the hearing was postponed from time to time until the Hon. John Guthrie became judge, in January, 1885. The motion was then heard before him sometime in January, and taken under advisement by him, and on the 24th day of February, 1885, he denied said motions, and each one of them; to which ruling the defendants excepted, and bring the case here for review.

We have very carefully considered the questions involved, and have with great care examined all the facts and circumstances, and are of the opinion that it would be an abuse of that wise discretion vested in the district court to prevent a failure of justice, to deny to the plaintiffs in error a fair opportunity to be heard upon the merits. There is no *laches* that can be attributed to them, and while it is a fact that the attorney employed permitted the time for answer to expire without filing, he made an application for leave to file within a very reasonable length of time thereafter, and was certainly misled by the statement of the judge that the case would not be for trial at that term, and that he would have time to answer after his return from Washington. This fact is not controverted, but is strengthened by the prompt action of the judge in the order for a recall of the execution and the stay of further proceedings, and his subsequent order allowing the defendants to file an answer upon the payment of all costs. All these things occurring so soon after he had made this statement to the attorney who first made application for leave to file an answer out of time, seem almost absolutely conclusive that the defendants were to be protected by that promise of the judge, and were to be given an opportunity to contest the case on its merits. In giving the plaintiffs in error an opportunity to present their defense, we are doing only

*Plaintiff ought to be heard on the merits.*

what the court below, which was conversant with all the facts, tried to do, and only failed to do because its order to that effect was powerless — the case at that time being beyond its control. Had the same judge remained upon the bench, it is absolutely certain that when the case went back from this court he would have set aside the judgment, and given the plaintiffs in error leave to plead to the petition. This is assumed because of his unauthorized action in that regard, based, we have no doubt, upon his recollection of what had occurred. We now do what he vainly tried to accomplish — we having the power, and the circumstances not only justifying but seemingly requiring this exercise of the authority.

It is recommended that the ruling of the court below denying the motions be reversed, and the cause remanded to the district court, with instructions to sustain the motions to vacate the judgment, and allow the plaintiffs in error to file an answer to the petition on the terms specified in the motions.

By the Court: It is so ordered.

All the Justices concurring.