THE BOARD OF EDUCATION OF THE CITY OF HUTCH-
INSON, KAN., v. THE NATIONAL BANK OF COM-
MERCE.

### No. 131.

JUDGMENT— *Vacating —Discretion of Court.* Where a judgment
has been rendered against a defendant by default, and he makes
a motion at the same term of court to vacate such judgment,
and supports his motion by affidavit, and also tenders a verified
answer showing a complete defense to the plaintiff's cause of ac-
tion, and that he has not been guilty of gross negligence in not
protecting his right before judgment was rendered, it is within
the sound discretion of the district court, on such terms as are
reasonable, to vacate the judgment and permit the defendant to
file an answer to the petition.

MEMORANDUM.—Error from Reno district court; L.
HOUK, judge.   Action by The National Bank of Com-
merce against The Board of Education of the City of
Hutchinson and George H. Rice to foreclose. a me-
chanic's lien.   Judgment for plaintiff.   Defendant
board brings the case to this court.. Reversed.   The
opinion herein, filed September 5, 1896, states the
material facts.

*D. H. Martin,* for plaintiff in error.

*Wright & Stout,* for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: On the 26th day of August, 1890,
the National Bank of Commerce commenced an action
in the district court of Reno county, Kansas, to re-
cover a judgment against George H. Rice on account
of material furnished by the Russell & Wilcox Hard-
ware Company to the said Rice for the construction
of a certain schoolhouse which said Rice had con-
tracted to build for the board of education of the city
of Hutchinson, in the state of Kansas, and for the fore-

closure of a mechanic's lien upon said building.   The defendants below were duly served with summons on the 26th day of August, 1890, by the sheriff of Reno county.   The September term of the district court commenced on the 5th day of September.   The answer-day fixed by the summons was September 25. The trial docket for the September term was made up before the suit was commenced, and the case was not put on the docket for trial at that term of the court. The case was placed at the heel of the docket by the clerk about the 1st day of November, and was never set for trial on the docket either by the clerk or by order of the court.   There were over 900 cases on the docket and only 725 of this number set for trial for the September term ; the balance of the cases not being reached for trial.

The service of summons was made on the president of the board of education, who was at the time cashier of a bank in Hutchinson, and, being busy in the bank, he either lost the summons or forgot to notify the board of the service of summons.   The board had no actual knowledge of the commencement of the suit, or that a suit was pending against it.   The board made no appearance and filed no answer to the petition filed in said court against it, and wholly made default, and on the 15th day of November, 1890, at the September term, the plaintiff below, by its attorneys, moved for judgment by default against George H. Rice for the amount due on said account and for a foreclosure of the mechanic's lien on said building, and judgment was thereupon rendered against Rice for the amount claimed, and a decree foreclosing the mechanic's lien and ordering sale of the building. On the 19th day of December, 1890, and during the September term of said court, the board of education

filed a motion to vacate and set aside the judgment, and for leave to file a verified answer to the petition of the plaintiff below, setting up in said motion eight causes for setting such judgment aside, and supported the motion by affidavit. The motion was heard by the court and overruled, and the court made special findings of fact and conclusions of law thereon. The board of education duly excepted to the order and judgment of the court in overruling said motion, and now brings the case to this court for review. It presents the following questions : First, May the court refuse to vacate and set aside a judgment by default at the same term at which it was rendered? Second, May a plaintiff, upon the default of the defendant, have a case entered upon the heel of the docket and take judgment without the case ever having been se down for trial either by the clerk or the court, and this where the answer was not due until long after the first day of the term of court at which the judgment was taken?

The court found as matters of fact :

"1. That the first day of the September term of this court, the term at which the judgment sought to be vacated was rendered, was the 5th day of September, 1890.

"2. That the service in this case matured on the 25th day of September, 1890.

"3. That said cause was not placed on the docket by the clerk of the court when he made up the docket for the September term of court, said cause having been commenced August 26, 1890, and after the trial docket had been made up for said September, 1890, term.

"4. That said cause was placed on the docket at the heel of the same by the clerk about the 1st of November, 1890.

"5. That said cause was never set for trial on said docket either by the clerk or the court.

"6. That there were over 900 cases upon said docket, and that only 725 of said cases were set for trial at the said September term, the balance of said cases not being reached.

"7. That the defendant the board of education of Hutchinson, Kan., was never notified by their president that he had been served with summons, and had no knowledge that said suit was pending until shortly before this application was filed.

"8. That the president of the board is cashier of a bank, and was served in business hours, and inadvertently overlooked the summons, and forgot the fact of the service, and lost the summons, and never notified the board of the fact of the service.

"9. That the verified answer, presented and duly verified, discloses that the board has a valid and complete defense to plaintiff's cause of action.

"10. That said cause would not have been regu larly reached and set for trial until the January, 1891 term of this court and after this application was filed.'

Upon these findings the court made the following conclusion of law: "That the court has no discretion in this cause to vacate said judgment."

The matter of vacating or modifying judgments at the same term of court at which they are rendered is largely within the sound discretion of the trial court. And when it is made manifest that great injustice has been done, or that a party has been in some manner misled as to his rights, or where a judgment has been taken by default, and the party against whom the judgment has been taken has not been guilty of gross negligence in protecting his rights where he could have legally done so, it is within the sound discretion of the court, on such terms as are reasonable, to vacate the judgment and permit the party to file an answer setting up any valid defense to the action that he may have. (*Saunders v. Hall*, 37 Kan. 275.)

The board of education having presented its motion

at the same term of the court at which the judgment was rendered, supported by affidavit, and having tendered an answer, duly verified, showing a complete defense to the plaintiff's action, we think that it would be an abuse of that wise discretion vested in the district court, and would prevent a failure of justice, to deny it a fair opportunity to be heard upon the merits of the issues tendered by its answer. While the president of the board was negligent in not informing the board of the service of summons, yet we do not think, under the circumstances of this case, that the board of education has been guilty of such negligence as should prevent it from a fair and full hearing of this cause upon its merits. If the allegations set up in its verified answer are true, it ought not to be compelled to pay this claim to the plaintiff below. We think, in the exercise of that wise discretion vested in the district court, it ought to have sustained the motion to vacate the judgment and allow the defendant below to file its answer and grant a new trial.

The ruling of the court below denying the motion is hereby reversed, and the case remanded to the district court, with instructions to sustain the motion to vacate the judgment, and allow the plaintiff in error to file its answer to the petition.

All the Judges concurring.