**ELERICK et al. v. REED.**

No. 15668—Opinion Filed Oct. 27, 1925.

(Syllabus.)

1. **Appeal and Error—Error in Instructions —Requisites of Brief.**

Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portions to which he objects or may save exceptions.

2. **Taxation—Invalidity of Tax Deed Not Showing Price.**

The tax deed which does not show upon its face the amount for which the lot or tract of land is sold, is, for that reason, void.

3. **Same—Cure of Defect by Another Deed Where Sale Valid.**

Where a tax deed has been issued which is void upon its face, the purchaser at the tax sale may, if the sale was in fact valid, and that fact is apparent from the record of the tax sale, have as many deeds issued as he desires until he gets a good tax deed.

4. **Quieting Title — Occupying Claimants— Rights of One Holding Under Void Tax Deed.**

Where a person is in possession of certain real estate holding the same under a tax deed, and while so holding said real estate made lasting and valuable improvements upon the same, held, that, although said tax deed is void, yet, the holder thereof, when defeated in an action to quiet title by the original owner, is entitled to the benefits of both the Occupying Claimant's Act and section 473, Compiled Oklahoma Statutes, 1921.

5. **Fixtures—Status of Machinery Annexed to Realty.**

The rule in determining whether machinery is a fixture or a chattel, remains chattels or becomes fixtures, is as follows: First, by determining whether the machinery has been actually annexed to the realty, or something appurtenant to the realty; second, whether the machinery is applicable to the use or purpose to which that part of the realty with which it is connected is appropriated; third, the intention of the party making the annexation to make a permanent annexation to the freehold.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Clyde A. Reed against C. F. Elerick and A. M. Elerick. Judgment for plaintiff, from which defendants appeal. Affirmed.

Gordon Stater, for plaintiffs in error.

W. A. Smith and Wilkinson & Bell, for defendant in error.

RILEY, J. This action was commenced on April 18, 1923, in the district court of Oklahoma county by defendant in error, Clyde A. Reed, who as plaintiff below! sought in equity to quiet title to certain real estate held by him by virtue of a tax deed, the real estate being described as follows: Lots twenty-six (26), twenty-seven (27) and twenty-eight (28) of block three (3), Putnam Heights addition to the city of Oklahoma, county of Oklahoma, state of Oklahoma.

Service by publication was had upon the Military Park & Development Company, a corporation, M. F. Owens, E. Hammond Jones, and D. C. Graham. These defendants subsequently defaulted. On May 15, 1923, the plaintiffs in error, C. F. Elerick and A. M. Elerick, filed an application and were granted leave to intervene, interveners having alleged in their application, ownership of the property in controversy by virtue of a judgment and mortgage foreclosure and by virtue of a deed of conveyance, all entered and recorded prior to the issuance of the tax deed herein mentioned. The interveners were, by the trial court, made parties defendant for all purposes, and will hereinafter be designated as defendants. Defendants filed their demurrer, pending which plaintiff amended his petition and attached thereto a new tax deed executed May 31, 1923. The defendants' motion to make more definite and certain, to strike, and their demurrer to the amended petition were filed, overruled, and exceptions allowed. Defendants filed their answer and cross-petition, alleging ownership of the property described as theretofore set out in their application to intervene, and further specifically denying the authenticity of the plat upon which the description and location of the property here in controversy is based. It was alleged that in the said court, in cause No. 11836, entitled "William Bonnar v. Military Park & Development Company et al.," a final judgment was rendered determining that the proper plat described the property here involved as blocks 1, 2, and 3, Putnam Heights addition. The defendants denied the existence of the lots described by plaintiff by any authentic plat, and alleged that by reason of the invalidity of the alleged plat relied upon by plaintiff and the invalidity of the proceedings based thereon, including levies, taxes and tax deeds, they, the defendants, were entitled to possession and the quieting of title in them.

Plaintiff Reed replied, denying generally and alleging peaceful possession for more than a year and the expenditure of $3,500 in good faith in permanent improvements, to the property described. On September 18, 1923, the court rendered judgment.

The vital part of the judgment of the court affecting the appeal is as follows:

"* * * And the court being fully advised in the premises finds that the tax deeds upon which plaintiff relies are void and of no force, effect, or virtue and do not convey title to said property to the plaintiff as against said C. F. and A. M. Elerick, and finds that said property is the property of C. F. and A. M. Elerick. * * *"

The court rendered judgment for the plaintiff Reed in the sum of $276.73 for taxes paid on the property and made a finding that plaintiff Reed had made valuable and lasting improvements upon the property and continued the cause for further proceedings as provided for under the Occupying Claimant's Act, sections 474-478, Compiled Oklahoma Statutes, 1921.

On September 22, 1923, the matter of compensation for improvements made by plaintiff came on for trial and the court appointed appraisers as provided by law. The plaintiff demanded a trial by jury. The court then dismissed the appraisers and the cause was continued until October 8, 1923. Here the first trial of the cause ended. No appeal was had from the judgment thus far rendered and the judgment became final.

The jury, after having considered the testimony concerning the value of the property, being instructed by the court and having heard the argument of counsel, rendered four findings concerning the property in dispute, which are as follows:

(1) The actual value of the permanent and lasting improvements upon said property, independently of the real estate, is $2,000.

(2) The rental value of the real estate and the permanent and lasting improvements from April 18, 1922, to November 7, 1923, is $15 per month.

(3) The rental value of the real estate described, independent of improvements, is nothing.

(4) The actual value of the real estate, independent of lasting and permanent improvements, is the sum of $400.

Following is the judgment of the court based on the verdict of the jury:

"Thereupon the court entered judgment for the plaintiff and against the defendants C. F. and A. M. Elerick on the verdict of

the jury and the court further ordered and granted the defendants, C. F. and A. M. Elerick, ten days from this date in which to elect whether to receive the value of the real estate without the improvements as found by the jury, and tender a deed in compliance with the statute or to pay said C. A. Reed the value of the permanent and lasting improvements as found by the jury, all in accordance with the verdict of the jury and the statute in such cases made and provided. To all of which rulings and judgment herein the defendants, C. F. and A. M. Elerick, excepted and except and thereupon gave notice of appeal. * * *"

The defendants Elerick, as appellants, have filed ten assignments of error, numbers 3 and 4 of which deal with instructions given and refused by the trial court. Nowhere in the brief of the appellants do we find set out the instructions complained of, nor the ones the court refused. Rule No. 26 of the Supreme Court, effective July 10, 1923, provides in part as follows:

"* * * Also, where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions. * * *"

We have reviewed the instructions given, and are of the opinion that the same fairly cover the law applicable to the case.

Appellants consider together assignments of 1 to 6, inclusive, and 8, contending that the plaintiff should not be allowed any recovery whatever for improvements and that the trial court erred in overruling the defendants' demurrer and in failure to sustain the objection to the introduction of evidence, and in rendering judgment upon the verdict of the jury, all of these assignments of error going to the judgment for the recovery of the value of the improvements. The greater part of the argument is based upon the premise that the tax deeds, here brought in controversy, are void upon their face.

The original tax deed attached to the plaintiff's petition indicates in the substance of the wording thereof that the several lots were sold together for one purchase price, and the instrument is void upon its face. Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410.

In the case of Eldridge v. Robertson, 19 Okla. 165, 92 Pac. 166, it is said:

"A tax deed which does not show upon its face the amount for which the tract or parcel of land which it purports to convey was sold is for that reason void."

However, in the case at bar, on June 1, 1923, the plaintiff filed an amended petition and attached thereto a second tax deed to the property in controversy. The latter deed was intended to correct the former by alleging that the lots sold separately and for a consideration of 88 cents each.

In the case of Prowant v. Smith, 77 Okla. 257, 188 Pac. 93, the following language is used:

"Where a tax deed has been issued which is void upon its face, the purchaser at the tax sale may, if the sale was in fact valid and that fact is apparent from the record of the tax sale, have as many deeds issued as he desires until he gets a good tax deed." Keller v. Hawk, 19 Okla. 407, 91 Pac. 778.

The appellants in their brief maintain that the second tax deed is void upon its face, basing their conclusion upon the presumption that the second instrument recites in its wording that the three lots sold separately and for a consideration of "eighty cents each, a total of two and 64-100 dollars." We quote from appellants' brief as follows:

"Attention is respectfully urged to the fact that this deed (R. 48) cannot recite the truth, for upon its face the three lots could not by any mathematical calculation sell for eighty cents each and make a total of $2.64. Three times 80c is $2.40, and is not and cannot be $2.64."

The premise is false. We have examined the appellants' citation to the record and find therein plainly recorded the words "eighty-eight," and since the second tax deed did recite the fact of a separate sale of the lots in question, we are of the opinion that the second tax deed is not, for the reasons assigned, void upon its face.

As affecting the validity of the tax deeds, the trial court made the following entry:

"* * * And the court being fully advised in the premises finds that the tax deeds upon which plaintiff relies are void and of no force, effect or virtue, and do not convey title to said property to the plaintiff as against C. F. and A. M. Elerick. * * *"

There is no distinction made in the judgment of the court between the first and second tax deed.

"The words 'void' and 'voidable' are often loosely used, and much confusion has resulted therefrom. 'Void' is so frequently employed in the sense of 'voidable' as to have lost its primary significance; and, when it is found in a statute, judicial opinion, or contract, it is generally necessary to resort to the subject-matter or context to determine precisely the meaning given to

the word." 4 Words and Phrases (2nd Series) p. 1196.

Notwithstanding that we have devoted some space to the discussion affecting tax deeds void and voidable, we do not wish to be understood as making a distinction so far as the same applies to an occupying claimant.

The appellants in their brief state as follows:

"We are frank to admit that we find no cases in this state squarely holding that where one improves property under a tax deed, void upon its face, he is not entitled to payment for his improvements erected under such tax title."

We have examined the cases in Kansas, from whence our statute upon the subject came, and we find no distinction has been made in that jurisdiction affecting tax deeds void and voidable in regard to their Occupying Claimants Act. Smith v. Smith, 15 Kan. 224; Sanders v. Hall, 37 Kan. 271, 15 Pac. 197.

Indeed a tax deed is a creature of statute, and must be given that force and effect, meaning and intendment, which the statute directs, and in granting that proper consideration to a tax deed we may well consider section 473, Compiled Oklahoma Statutes, 1921:

"The title by which the successful claimant succeeds against the occupying claimant, in all cases of lands sold for taxes, by virtue of any of the laws of this state, shall be considered an adverse and better title, under the provisions of this article, whether it be the title under which the taxes were due, and for which said land was sold, or any other title or claim whatever; and the occupying claimant holding possession of land sold for taxes, as aforesaid, having the deed of a collector of taxes or county clerk for such sale for taxes, or a certificate of sale of said land from a collector of taxes or a county treasurer, or shall claim under the person or persons who hold such deed or certificate, or any other title or claim whatever shall be considered as having sufficient title to said land to demand the value of improvements under the provisions of this article."

The appellants, in arguing a strict rule of construction in cases involving tax deeds, quote from Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410, as follows:

"By a tax deed the property of a citizen is conveyed for a consideration that moves to the public and not to the owner of the property, and it may, therefore, be said to be a taking of private property for public use, which can only be done in all cases by a strict compliance with the law authorizing it.

"There is no contract and there are no equities as in cases between individuals, which may be brought forward to aid the court in determining the equities between the parties, and by the aid of which to determinate the rights of either, and to order a reformation of the instrument of conveyance to conform to such rights."

This is sound argument where one takes property of another by tax deed, usually paying into the public treasury an inconsiderable sum. The converse is presented by the case at bar. Section 473, supra, was enacted in the interest of equity and justice for the protection of rights as presented by this case. No one should be permitted to sit idly by, see their lands improved and benefited, and then reclaim their property as improved without just compensation. The act was intended for void tax deed claimants. Those who hold under valid tax deeds have no use for such a statute. When the sovereign creates and issues tax deeds as instruments of the system of tax collection, it is but reasonable and just that some fixed property rights be conveyed with the tax deeds, otherwise one holding under tax title would improve the property thus acquired at his peril, and consequently little, if at all; society generally would be disturbed. Settled property rights can only be secured by the enactment of such a policy as is contained in section 473, supra, wherein the state guarantees to the prospective purchaser at a tax sale that he may recover for all betterment to the real estate to be conveyed under a tax deed.

It is contended that the verdict is excessive in that the improvements were found to be in the sum of $2,000. The jury viewed the premises, and from a careful examination of the testimony we are of the opinion that the verdict is supported by the evidence, and under the well-established rule of this court the same will not be disturbed on appeal.

Under the remaining assignments of error it is contended that the gasoline pump and air compresser, composing a part of the improvements to the property here in controversy, constituted chattels rather than real property. It appears from the record that these articles were fastened upon cement foundations with bolts and some parts of them were placed in the ground, as will be more particularly set out hereafter. The rule in determining whether machinery is a fixture or a chattel is stated in Great

Western Mfg. Company v. Bathgate, 15 Okla. 87, 79 Pac. 903:

"First: By determining whether the machinery has been actually annexed to the realty, or something appurtenant to the realty; second, whether the machinery is applicable to the use or purpose to which that part of the realty with which it is connected is appropriated; third, the intention of the party making the annexation to make a permanent annexation to the freehold."

And quoting from Ege v. Kille, 84 Pa. 340, it is said:

"The question here is between persons who are hostile claimants to the land. As between them, all the machinery and implements necessarily used in working the mines became a part of the realty."

In the case at bar the gasoline tank was shown to be three to seven feet under the ground, the pump fastened to a concrete base by bolts, and these fixtures obviously were indispensable in carrying on the specific business. No evidence nor offer of evidence contradicts this, and notwithstanding some offer of proof concerning a chattel mortgage executed by the purchaser of the fixtures, it clearly was the intent of the purchaser and holder under tax title to annex the machinery as a part of the realty, and we find no difficulty in concluding that the machinery here involved became fixtures.

We think the case of Lawton Brick Company v. Ross-Keller Co., 33 Okla. 59, 124 Pac. 43, is distinguished from this case, just as Mr. Justice Kane, in writing that opinion of the court distinguished it from Great Western Manufacturing Company v. Bathgate, supra.

The judgment of the trial court is, therefore, affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 3 C. J. p. 1419, § 1589. (2) 37 Cyc. p. 1443. (3) 37 Cyc. p. 1429; anno. 44 L. R. A. (N. S.) 852, 856; 26 R. C. L. p. 421. (4) 37 Cyc. p. 1540; 31 L. R. A. (N. S.) 550; 26 R. C. L. 441. (5) 26 C. J. pp. 654, § 2; 658, § 8; 670, § 27; 69 L. R. A. 894; 11 R. C. L. pp. 1085, et seq.