## HEDGES v. FIRST NATIONAL BANK OF PAWNEE.

No. 21813. Dec. 27, 1934.

Thurman S. Hurst, for plaintiff in error.

McCollum & McCollum, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Pawnee county, wherein the First National Bank of Pawnee recovered judgment against Pearl Hedges in the sum of $125 for conversion of a storage tank. The parties will be referred to as they appeared in the trial court.

The plaintiff instituted this action seeking to recover a money judgment against defendant for conversion of the storage tank. The defendant in her answer contends that when the tank in question was placed on the real estate belonging to herself and husband by their lessees, it became a fixture and a part of the real estate, and could not be legally covered by a chattel mortgage or removed. The plaintiff in reply alleges that when said storage tank was placed on the premises of defendant and her husband by their lessees, said storage tank was a trade fixture and a chattel, subject to being mortgaged by lessees of defendant and her husband, and that when so mortgaged to plaintiff, said mortgage was legal and binding and subject to being foreclosed, and when foreclosed plaintiff became entitled to the possession thereof, or its value, provided possession could not be obtained.

The trial court placed the burden of proof upon the defendant, and after hearing evidence without a jury, held that the storage tank was not a fixture and submitted the question of its value to a jury, and the jury returned a verdict for plaintiff for $125.

The material facts in the case are not disputed. The defendant and her husband were the owners of a filling station in Pawnee, Okla., on January 9, 1928. Defendants leased said filling station to Longmire & Davis for a period of five years. Shortly thereafter, said lessees went in possession of said filling station under said lease, and on January 21, 1928, they bought the storage tank in question in Oklahoma City, Okla., which storage tank was shortly thereafter shipped to Pawnee and erected on the site of the filling station in Pawnee. The storage tank stands upon end, and is supported by timbers laid horizontally to build up a base four or five feet high. The timbers are bolted together and laid upon the ground, and were not laid in cement. Welded into this storage tank are two pipes, one leading to another tank on the premises, and another line that comes under the ground to the storage tank from the unloading docks of the railroad yards. Nailed to the pillars on which the storage tanks rest is a fence, some four or five feet high.

The lease was silent as to whether or not the storage tank could be placed on said premises, and the lessors had no knowledge of the storage tank being placed upon the site of the filling station. On June 6, 1928, the lessees borrowed $1,000 from the plaintiff, giving as security a chattel mortgage on the storage tank in question with other property, which said chattel mortgage was duly filed for record on June 7, 1928. The note was never paid, and on date suit was brought in this action, there was a balance due of $673.75. Lessees becoming in financial difficulties, turned back the filling station to defendant, who resumed possession thereon on March 6, 1929. Shortly thereafter, plaintiff learning of the change of possession of the filling station in question, demanded possession of the storage tank in question from lessees. Lessees refused to give possession, giving as their reason that of impending bankruptcy. On May 11, 1929, a petition by creditors was filed in federal court, asking that Longmire & Davis be ad-

judged involuntary bankrupts, and on June 27, 1929, they were adjudicated bankrupts. On July 3, 1929, lessees filed a bankrupt schedule in which the storage tank in question was listed as one of their assets, subject to the mortgage of plaintiff, and defendant was listed as a creditor of bankrupts. On July 2, 1929, the referee in bankruptcy made an order appointing one P. L. Long as receiver, and said receiver on July 15, 1929, filed an inventory in which the storage tank in question is listed, and said receiver advertised for sale said storage tank and other property covered by the bank's mortgage, subject to bank's mortgage, but received no bids. Defendant had notice of such proceedings as required by law, and on July 20, 1929, filed her claim as creditor of said bankrupts, while plaintiff, relying on defendant's said mortgage including the storage tank in question, filed no claim with the referee in bankruptcy. On June 18, 1929, lessees refused to give plaintiff possession of the storage tank covered by its mortgage, and plaintiff brought an action in replevin to recover possession of said storage tank and other chattels covered by their mortgage, and on July 27, 1929, the district court of Pawnee county, after said mortgaged chattels had been released to plaintiff by referee in bankruptcy in federal court, awarded plaintiff judgment for possession of said storage tank and other chattels covered by the mortgage. Defendant at all times had personal knowledge of such replevin proceedings, but remained silent when said storage tank was taken into the possession of the sheriff of Pawnee county under the writ of replevin in said action in said district court; then plaintiff demanded possession of said storage tank from defendant, which was refused. Hence this action.

Defendant contends, first, that the storage tank in question was a fixture and could not have been removed by the lessees after they vacated the premises and the defendant re-entered.

A fixture is defined to be, section 11724, O. S. 1931:

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs; or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings, or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

From this definition it is plain that the storage tank in question is not a fixture. If it were, it could not have been removed at any time after it was placed on demised premises. Defendant concedes that if the storage tank in question had been removed by lessees before they vacated the leased premises and defendant had re-entered, it could have been lawfully removed.

Then, if the tank in question was not a fixture, was it a "trade fixture"? We think so. A trade fixture is defined by our statute to be, section 11730, O. S. 1931:

"When a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land unless he chooses to require or permit the former to remove it; provided that a tenant may remove from the demised premises at any time during the continuance of his term any thing affixed thereto for purpose of trade, manufacture, ornament, or domestic use, if the removal can be effected without injury to the premises. unless the thing has, by the manner in which it is affixed, become an integral part of the premises."

At common law the rule is that whatever is placed upon the land belongs to the land, but the rule has numerous exceptions. Three tests have been devised: First, annexation; second, adaptation; third, intention; the most important of which is "intention." Our court has never passed upon the question of whether a storage tank placed on leased premises by lessees is a trade fixture. The Supreme Court of Washington has. In the case of Olympia Lodge No. 1, F. & A. M. v. Keller et ux., 252 P. 121, it held:

"Gasoline pumps and tanks, and all oil storage tanks, erected on leased premises were fixtures."

In the Washington case of Boeringa v. Perry, 164 P. 773, the court held:

"The giving of a chattel mortgage on fixtures is sufficient evidence of intention that they shall retain their personal character."

The common-law rule has been changed by statute and modern interpretation. The modern rule is:

"The presumption is in favor of the right of a tenant to remove buildings which he has placed on leased property for his own purposes." George Earle Searle v. Roman Catholic Bishop of Springfield, 203 Mass. 493, 89 N. E. 809.

The presumption is that the landlord intends, and that the tenant does not intend, to enrich premises by annexation thereto.

Therefore, by reason of the slight annexation of the storage tank to the freehold, its perfect adaptation to the use to which it was intended, and the evident intention of the lessees who placed it there, coupled with the

fact that all parties to this action have always treated the storage tank in question as a chattel, the court finds that it is a "trade fixture."

The plaintiff in error contends that the plaintiff, as mortgagee, lost its right to remove the storage tank in question when lessees surrendered possession thereof to lessors without removing the tank. We cannot agree with that contention. She had knowledge of the mortgage on the trade fixture, and we hold that the owner and holder of a valid chattel mortgage upon a trade fixture may sue the owner of the premises leased for wrongful conversion of same, when the owner of the premises is in possession of the trade fixture after the lease expires and exercises dominion and control over such property in denial of the rights of the mortgagee, and refuses to deliver possession of the mortgaged trade fixture to the mortgagee upon the terms and conditions of the chattel mortgage being breached by the mortgagor and lessee of the premises at the time the mortgage was executed. We hold further that defendant by her conduct is estopped to claim the storage tank. When lessees took bankruptcy, they listed the storage tank in question as one of their assets. Defendant was listed as a creditor. She was given notice of bankruptcy proceedings. The defendant filed her claim to participate in the proceeds of bankrupt's estate. The plaintiff relying on its mortgage filed no claim. The attempted sale occurred on the premises of defendant. The storage tank was turned to plaintiff by the receiver in bankruptcy to dispose of under its mortgage. The plaintiff replevined the storage tank from lessees. The sheriff took possession of it on defendant's premises. The state court gave judgment to plaintiff for possession of it. The defendant during all these proceedings made no claim to the storage tank. She sought to benefit by the sale of the storage tank, and now claims the tank. She kept silent when she should have spoken. The court will not now permit her to speak when she should keep silent. The plaintiff has been prejudiced by her conduct; it has been precluded from filing a claim against bankrupt's estate, when it could have done so had defendant timely spoken. The plaintiff has been misled to its injury by the silence, acts and conduct of defendant. 10 R. C. L., p. 693, holds:

"If a man is silent when he ought to speak, equity will debar him from speaking when conscience requires him to be silent."

For the reasons given, the judgment of the trial court is affirmed.

The plaintiff requests that judgment be rendered upon supersedeas bond filed in this case. It is, therefore, ordered, decreed and adjudged that plaintiff have and recover from Earl Bates and A. L. Bilyeu, sureties on supersedeas bond, for the sum of $125, with six per cent. interest from July 27, 1929 and all costs of suit.

The Supreme Court acknowledges the aid of District Judge F. Hiner Dale, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.