COMMISSIONERS OF LAND OFFICE — CONTROL OVER IMPROVEMENT ON LEASE PROPERTY The Commissioners of the Land Office of the State of Oklahoma do not have the authority to prohibit the payment of a "bonus" to the lessee by another as consideration for the transfer of the unexpired term of the lease, and cannot require that the "bonus" be paid to the State. The Attorney General has considered your opinion request wherein you ask the following questions: (1) Do the Commissioners of the Land Office have the authority to prohibit the payment of a "bonus" to the lessee by another as consideration for the transfer of the unexpired lease term? (2) If the Commissioners of the Land Office do not have the authority to prohibit the above practice, can they lawfully require that the bonus be paid to the State? Title 64 O.S. 1 [64-1] (1971), provides that the Commissioners of the Land Office: ". . .Shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under the rules and regulations prescribed by the Legislature. Laws, 1933, Ch.91, p. 162, 2." Title 64 O.S. 260 [64-260] (1971) provides: "The Commissioners of the Land Office are hereby authorized and empowered to make and promulgate rules and regulations relating to the appraisement of land and any improvements located upon such lands as may be owned by the State, leasing and sub-leasing such lands and improvements, reservation of rights and interest, collection of rentals, conservation and preservation of such lands and the fertility thereof and any other rules and regulations necessary in order that the purposes for which such lands are owned and held by the State may be accomplished." Leases are executed by the Land Office for a period not to exceed five years. See Title 64 O.S. 259 [64-259] (1971). The Attorney General is advised by your letter of June 17, 1971, that lessees have in the past been permitted to place improvements upon land subject to an agreement with the lessee that such improvements should remain the property of the lessee and not become fixtures of the land. In the event the State decides to sell the land covered by the lease, the improvements thereon are appraised separately, and if the purchaser is a person other than the lessee, he is required to pay the appraised value of the improvements in addition to the "downpayment". Ordinarily, only the lessee is permitted to own improvements on a leased tract. If the lessee desires to transfer his lease, he must execute a bill of sale covering the improvements, and provide a copy of it to the Commissioners. Meanwhile, the transferee is required to make an application for the lease in which he states under oath the actual consideration paid for the improvements. The improvements are then appraised by departmental appraisers. If the consideration paid by the transferee exceeds the appraised value of the improvements, the excess is called "bonus". From the foregoing it clearly appears that the State as lessor has a standing agreement with its lessees that any improvements placed upon the land such as houses, barns and fences remain the property of the lessee. The Oklahoma Supreme Court, in Hall v. Woody, et al, Okla., 69 P.2d 379, held that chattels, by agreement, may retain their character as personalty after their annexation to the land, though in the absence of such agreement they would become fixtures to the land. In so holding, the Court cited with approval the following language from Boeringa v. Perry, 96 Wn. 57, 164 P. 773,774: "Generally speaking, an agreement that chattels affixed to realty shall retain a personal character may be either in writing or parole. . . . "In general it may be said that almost anything affixed to realty may by agreement be treated as personalty. Thus it has been held that houses and other buildings, machinery, railroad tracks, nursery stock, and indeed practically everything which before annexation was personal property may still retain their chattel character by an agreement to that effect." "Bonus" paid to the lessee, therefore, must be viewed as consideration by the transferee to the lessee for the transference of personal property. Title 64 O.S. 1 [64-1] (1971), supra, establishes that the Land Office has charge of the "sale, rental, disposal and managing of the school lands and other public lands of the State." Section 64 O.S. 260 [64-260] limits the rule-making powers of the Land Office to rules and regulations relating to the appraisement, leasing, and sub-leasing of land and any improvements thereon. Rules and regulations must be justified on the basis of being essential to the purposes for which such lands are owned and held by the State. As noted previously, the improvements on the land are not treated as part of the real estate where they are transferred by a bill of sale to a subsequent lessee. As such, the improvements so transferred must be treated as personalty (Consequently, the transference of such improvements is outside the scope of the rule-making powers of the land office under Section 260.) It is, therefore, the opinion of the Attorney General that your questions be answered in the negative. The Commissioners of the Land Office do not have the authority to prohibit the payment of a "bonus" to the lessee by another as consideration for the transfer of the unexpired term of the lease. Moreover, the same considerations dictate the conclusion that the Commissioners of the Land Office cannot require that the "bonus" be paid to the State. Attention, however, is invited to Opinion No. 71-297 which held that the Commissioners of the Land Office of the State of Oklahoma have the legal authority to refuse to approve the transfer of a lease executed by them for and on behalf of the State of Oklahoma. The Commissioners of the Land Office are not limited with respect to the criteria upon which they may rely in determining whether or not to approve the transfer of an unexpired lease term. (Marvin C. Emerson)